FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF WATERBURY
v. EDWARD J. MANGAN ET AL.

SUPERIOR COURT
NEW HAVEN COUNTY AT WATERBURY

FILE No. 18541

Memorandum filed July 3, 1950.

*Theodore E. Conway,* of Waterbury, and *Ernest L. Biron,* of Hartford, for the Plaintiff.

*Sydney C. Perell,* of Stamford, for defendant The Gramatan National Bank & Trust Company, of Bronxville.

CORNELL, J. It is alleged, and it appears from the file, that on March 31, 1950, judgment of strict foreclosure was entered in favor of the named plaintiff, the day of redemption for the owner of the equity being fixed as of October 3, 1950, and the law days for all other defendants on the next succeeding days in the inverse order of their priorities. In the instant motion it is asserted that on June 12, 1950, the named plaintiff assigned and transferred the mortgage note and its interest in the realty securing same, together with the judgment of foreclosure, to the moving party, who is Carl H. Gray, Jr., as administrator of veterans' affairs, an officer of the United States of America, all of which appears from the Waterbury land records in volume 623, page 125. Upon these allegations it is moved "that the judgment be opened for the sole purpose of substituting" the identified assignee "as party plaintiff."

It is apparent, of course, that the assignment to petitioner was made more than two months after the judgment was entered, and the motion to be substituted as party plaintiff a few days

after that. The motion appears to be based upon the provisions of the Practice Book, § 21, which provides: "If, pending the action, the plaintiff assign the cause of action, the assignee, upon written application, may either be joined as a co-plaintiff or substituted as a sole plaintiff as the court may order; provided it shall in no manner prejudice the defense of the action as it stood before such change of parties." The right to add or substitute a party as provided in the rule quoted is specifically limited to instances "pending the action." The phrase quoted has been defined in a number of ways, but all of them agree in the connotation that an action begun has not terminated. See 48 C. J. 781. The decisions in various states in different situations are quite naturally not uniform concerning the proposition of law involved. This statement concerning a similar provision, in effect, of the meaning of the California code of civil procedure seems apt, viz., where the transfer of all plaintiff's rights in a cause of action occurs before judgment, the substitution of the assignee after judgment is permissible. *Curtin* v. *Salomon,* 80 Cal. App. 470, 475, but where plaintiff's interest is acquired after judgment, his assignee may not be substituted after judgment. *Emerson* v. *McWhirter,* 128 Cal. 268, 269. It is unnecessary to inquire whether the petitioner in the instant case could be substituted for the original plaintiff after judgment if he had acquired the assignment before judgment, since it is alleged that he did not become the assignee of the rights alleged until after the judgment had been rendered. In the latter situation, the assignment was clearly not made "pending the action," as the rule in question requires. Insofar, therefore, as the petition requests that the moving assignee be substituted for the named party plaintiff but that the judgment be otherwise unaffected, the motion is denied.

What the situation might be if the following procedure were pursued in the premises, no opinion is expressed, but the same is commended to counsel for the petitioning party for consideration, that is, that he first move that the judgment be opened so that the cause again resumes the status of pendency; that upon the granting of such a motion he move for his client's substitution as sole party plaintiff in place of the original plaintiff; that he then move for judgment in his favor as the then party plaintiff, and the fixing of a day for redemption.