[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, First Federal Bank, is foreclosing on a statutory lien against the defendant, Rock Hill Association, Inc., pursuant to General Statutes 49-30. The plaintiff filed the complaint on November 30, 1993. On December 14, 1993, the plaintiff transferred all of its right, title and interest in the property to Christopher A. Aceto. The defendant filed a Motion to Dismiss on January 6, 1994, on the grounds that the plaintiff, having no interest in the foreclosed property, has no standing. The plaintiff filed an objection to the Motion to Dismiss on January 26, 1994. The plaintiff now seeks to substitute Aceto, the assignee of plaintiff's interest, as party plaintiff.
Christopher A. Aceto moves to be substituted because he as the assignee is the proper plaintiff in this action. On November 18, 1993, the plaintiff as owner of property known as Unit No. 23-B, Rock Hill Road, New Haven, Connecticut, commenced the present action. All the interest of the First Federal Bank in the property was transferred on December 14, 1993 to Aceto. On January 6, 1994, the defendant moved to dismiss, arguing that the First Federal Bank no longer has standing to sue since it has no interest in the property. The plaintiff moves this Court to sustain its objection due to the fact Aceto, the party with an interest in the property, has moved this Court to substitute him as party plaintiff.
In First Federal Savings Loan Association of Waterbury v. Mangan, 17 Conn. Sup. 42 A.2d (1950), the court held that where the transfer of all the plaintiff's rights in a cause of action occurs before judgment or "pending the action", the substitution of the assignee is permissible. In the present case the plaintiff has assigned all of its rights to Aceto pending the present action.
This court grants Aceto's motion to be substituted as party plaintiff. Since the plaintiff, First Federal Bank, no longer has an interest in the present action, the objection to the defendant's Motion to Dismiss is overruled.
Lest there be any misconception regarding the Court's ruling, the Court ruled first on the Motion to Substitute, granted it, and then in effect granted the defendant's Motion to Dismiss as to First Federal Bank only. CT Page 1948
David W. Celotto State Trial Referee