CITY OF HARTFORD *v.* STANLEY V. TUCKER ET AL.
(3681)

HULL, SPALLONE and BIELUCH, Js.

Argued April 1—decision released July 22, 1986

*Stanley V. Tucker,* pro se, the appellant (named defendant).

*Larry P. Levesque,* special counsel, with whom, on the brief, was *Paul Burnham,* assistant corporation counsel, for the appellee (plaintiff).

BIELUCH, J. In this appeal the named defendant[1] claims error in a judgment of strict foreclosure of tax liens rendered in favor of the plaintiff as the result of his failure to pay taxes on property known as 121 Allen Place, Hartford. We find error.

---

[1] The remaining defendants, Burritt Mutual Savings and Loan Association, Laundry Mart, Inc., and the Metropolitan District have an interest in the property in question by virtue of the named defendant's obligations to them secured by, or involving, that property. They are not parties to this appeal.

The facts are not in dispute. The property taxes levied by the city of Hartford against the named defendant's property at 121 Allen Place were not paid for each of the five years between 1977 and 1981, inclusive. As a result, on February 15, 1983, the city instituted foreclosure proceedings against the defendants by separate count for each tax year. The named defendant contested this action by alleging six special defenses and six counterclaims. His counterclaims, as relevant here, alleged that the foreclosure action did not give him credit for tax reductions following lowered assessments which had been ordered by the trial court in earlier tax appeals filed by him. The 1977 assessment, Tucker alleged, was reduced by the judgment in a successful tax appeal which he filed to dispute a 1972 tax assessment.[2] The assessments for the remaining tax years alleged in the foreclosure action, as well as the assessments thereafter for 1982 and 1983, he claimed, were reduced by a judgment rendered in a tax appeal filed with respect to the city's 1978 reassessment.[3] The trial court concluded that the judgments rendered in those two tax appeals reduced the assessments only for the tax years 1972[4] and 1978. The second count of the city's complaint sought foreclosure of the tax lien upon the real estate for failure to pay the 1978 property taxes

[2] Tucker claimed that every year between 1972 and 1977 was covered by the judgment in this appeal because of the effect of General Statutes § 12-118, which provides in part that "[t]he amount to which the assessment is so reduced shall be the assessed value of such property on the grand lists for succeeding years until the tax assessor finds that the value of the applicant's property has increased or decreased."

[3] As with the years between 1972 and 1977, Tucker claimed that the assessment for each year after 1978 was covered by the judgment in the tax appeal which he had filed with respect to the 1978 reassessment by virtue of General Statutes § 12-118.

[4] With respect to the 1972 tax year, during the course of trial, the parties stipulated that Tucker was entitled to a refund for overpayment of his 1972 property taxes in the amount of $6643.40 with interest from August 31, 1981, at the legal rate.

based upon the reduced assessment. The court found that all of the city's other assessments contested by Tucker's counterclaims were correct, with the exception of those for 1982 and 1983. Those assessments, the court concluded, were more properly disputed in another pending action which had been instituted by Tucker.[5] The court, therefore, dismissed those counterclaims without prejudice. The court filed its decision in accordance with its findings on the complaint and counterclaims on October 18, 1984. The defendant then appealed to this court.[6]

The present appeal raises eight claims of error in the court's decision by which Tucker disputes the constitutionality of both the property tax in general, and the interest rate payable to the city on delinquent tax assessments in specific. He also disputes the court's rulings on his counterclaims regarding the effect of the judgments in his earlier tax appeals. Subsequent to the filing of the present appeal, the city moved for a judgment of strict foreclosure, which was granted on March 11, 1985. Tucker then amended this appeal to include four additional issues raised by the intervening proceedings.

We turn first to Tucker's claim that his two prior tax appeals were dispositive of the correct amount of each of the assessments involved in this case. With respect to the 1977 assessment which Tucker claims was encompassed by the judgment regarding his appeal from the city's 1972 assessment, we note that judgment

---

[5] *Stanley V. Tucker* v. *City of Hartford,* Superior Court, Judicial District of Hartford-New Britain at Hartford, No. 287865 (July 17, 1985).

[6] After the trial court's memorandum of decision issued, but before the city moved for judgment of strict foreclosure, Tucker filed this appeal. This court granted the city's motion to dismiss that portion of the appeal pertaining only to the court's rulings on its complaint since no final judgment had yet issued thereon. Tucker, nonetheless, briefed those issues dismissed by this court. We do not, however, review them here. The plaintiff conceded the finality of the judgment on the counterclaims.

in his favor was rendered by the court on June 6, 1977, and was modified, at his request, on September 21, 1977. At that time, the court expressly stated: "The basis of the appeal . . . was Section 12-111 of the Connecticut General Statutes. The only evidence heard by the Court . . . dealt with the list of 1972. The nature of the action was to increase or add to the list. It is clearly a remedy for a single list. No evidence was offered as to any other lists, therefore absent an appeal on the grounds; the assessments as determined by the assessors in the lists of 1973, 1974, 1975 and 1976 are not before the Court." The court then dismissed the appeal as to all years after 1972. If Tucker had wished to dispute that judgment's applicability prospectively to the assessment on October 1, 1977, the proper means for doing so would have been by appeal to the board of tax review under General Statutes § 12-111, and thereafter, to the Superior Court under General Statutes § 12-118. He cannot collaterally attempt to extend that judgment to this action seeking to foreclose the tax lien filed upon nonpayment of the 1977 taxes. See *In re Juvenile (83-DE)*, 190 Conn. 310, 316, 460 A.2d 1277 (1983). Thus, the court did not err in concluding that the judgment rendered in Tucker's appeal from the city's 1972 assessment applied only to the assessment for that year, and not to the assessment for 1977, and in rendering judgment for the plaintiff on the defendant's fourth, fifth and sixth counterclaims insofar as they relate to the tax lien for taxes on the list of October 1, 1977.

Conversely, the court did err in concluding that the judgment in Tucker's appeal from the city's 1978 reassessment applied only to the assessment for that year, and in rendering judgment for the plaintiff on Tucker's second, third and sixth counterclaims insofar as they relate to the tax liens for taxes on the lists of October 1, 1979, October 1, 1980, and October 1, 1981. The judg-

ment in that tax appeal states, in part, that "it is adjudged that the true and actual value of [Stanley V. Tucker's] property known as 121 Allen Place, Hartford, on October 1, 1978, October 1, 1979, October 1, 1980 and October 1, 1981 should be as follows:

| "Item | True and Actual Value | Assessed Value |
| --- | --- | --- |
| | | 70% of True |
| Land | $19,800 | $13,860 |
| Building | $60,200 | $42,140 |
| Total | $86,000[7] | $60,200[8] |

and it is further adjudged that the Board of Tax Review correct the assessment against the applicant accordingly."

Although there is some support for the city's claim that this judgment does not accurately reflect the court's intended ruling in that it contains valuations for the land and building which do not correctly add up to the total fair market and assessment values stated in the judgment,[9] it was not proper for the court to ignore the clear language of the judgment specifying the tax assessment years to which it applied.[10] "A final

[7] The correct total should have been $80,000.

[8] The correct total should have been $56,000.

[9] We are unable to determine, on the record before us, whether the correct assessments were considered by the city's tax office in levying the tax on the property involved for the year 1978.

[10] We must note our concern with the trial court's adoption and incorporation by reference in its memorandum of decision of the city's fifty-nine page trial brief "as the basis for its decision," rather than finding its own facts and making independent conclusions. We have, in the past, expressed our displeasure with a trial court's adoption verbally or mechanically of a party's proposed findings of fact. *Grayson* v. *Grayson,* 4 Conn. App. 275, 279–85, 494 A.2d 576 (1985). The adoption and incorporation of a party's lengthy trial brief in the court's memorandum as the basis for its decision is a practice even less acceptable than the literal adoption of findings of fact proposed by a party, since a trial brief is not drafted by a party so much to present an adequate *factual* basis for deciding the case as it is by design and the rules of advocacy to provide a *legal* basis for decision in favor of the subscriber. It is not to be treated by the court as judicial precedent

judgment on the merits is conclusive on the parties in an action and their privies as to the cause of action involved." *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 317, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973); *In re Juvenile Appeal (83-DE),* supra, 313–14; *Doran* v. *Doran,* 3 Conn. App. 277, 280, 487 A.2d 1106 (1985). In this case, the trial court had before it a final judgment, facially valid and correct in every detail except for the addition of the valuation and assessment figures contained therein. The court did not have the authority to ignore that judgment's effect. The proper method for the city to dispute the validity of the judgment as an accurate recital of the court's decision in that tax appeal was by way of a motion to open the judgment pursuant to Practice Book § 326 or by other direct legal means, and not by collateral attack in this action to foreclose tax liens upon the same property.

We have reviewed the remainder of Tucker's claims of error, and we conclude that they are without merit. Although the amount of his tax arrearage, as found by the court, is in error, the court's later conclusion allowing the foreclosure of the plaintiff's tax liens per se was not. Thus, we must remand this case for a new determination of the correct amount of Tucker's tax debt and of the plaintiff's liens upon that debt. Because of our remand, and as an adjunct to it, however, we are compelled at this time to find error in the subsequent judgment of strict foreclosure. Since the judgment of strict foreclosure was rendered pursuant to the terms of the earlier decision for the plaintiff as to the amount of Tucker's tax arrearage, it falls with its foundation. Thus, we must reverse that judgment with direction to the trial court to deny the plaintiff's motion for a judgment of strict foreclosure until it is resubmitted

might be considered in a decision. Indeed, had the court prepared its own findings in this case, it might well have rendered a different judgment.

upon failure of the defendant to pay the correct amount of the tax arrearage after a new trial upon the complaint and counterclaims in accordance with the law.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.