### ARTHUR I. GRAYSON *v.* ELYN K. GRAYSON (12836)

HEALEY, SHEA, DANNEHY, CALLAHAN and PICKETT, Js.

Argued November 7, 1986—decision released February 3, 1987

*Wesley W. Horton,* with whom were *Susan M. Cormier* and, on the brief, *Anthony A. Piazza,* for the appellant (defendant).

*Lawrence P. Weisman,* with whom were *Mark Soboslai* and, on the brief, *Ellen B. Lubell,* for the appellee (plaintiff).

PER CURIAM. This is an appeal from a judgment of the Appellate Court, affirming, by a divided court, a judgment of dissolution of marriage, upon an order of the trial court denying a motion by the defendant to open the judgment.

The plaintiff husband sued for dissolution of marriage on the ground of irretrievable breakdown. The defendant wife counterclaimed for a dissolution of the marriage on the ground of adultery and she also requested alimony. Each of the parties claimed a division of their property.

A trial of the issues framed by the pleadings began on May 26, 1981, before a state trial referee. On the third day of trial a settlement was reached whereby the action for dissolution would be discontinued and an agreement concerning nonmodifiable alimony and the disposition of property would be spread on the record in open court. Both parties stipulated that their marriage had broken down irretrievably and dictated into the record an agreement concerning alimony and the disposition of their property. The court thereupon

entered a decree dissolving the marriage on the basis of irretrievable breakdown. The court also found, as the parties had represented, that the settlement agreement was fair and reasonable, and it incorporated the agreement into its decree.

In September, 1981, the defendant moved that the stipulated judgment be opened on the ground that the financial affidavit filed by the plaintiff on May 26, 1981, was fraudulent. The plaintiff opposed the motion on its merits. The trial court adopted verbatim the findings of fact as drafted by the plaintiff, found no fraud, and denied the motion. The Appellate Court determined that the decision of the trial court was not clearly erroneous, with one judge dissenting. *Grayson* v. *Grayson,* 4 Conn. App. 275, 494 A.2d 576 (1985). The determination was made "after a meticulous examination of the parties' detailed factual claims and the entire record," pursuant to which the court "concluded that there was credible evidence for all of the [trial] court's findings and that the findings were substantially in accord with the opinion." Id., 285.

We are in agreement with the views expressed by the Appellate Court in its opinion, and it would serve no useful purpose to repeat that court's discussion here. Our test for clear error on appellate review is, of course, whether the decision of a trial court is supported by credible evidence on the record viewed as a whole. It is a test we have frequently applied. See, e.g., *Waterbury Petroleum Products, Inc.* v. *Canaan Oil & Fuel Co.,* 193 Conn. 208, 217, 477 A.2d 988 (1984); *Lupien* v. *Lupien,* 192 Conn. 443, 445, 472 A.2d 18 (1984); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). The Appellate Court applied this standard in reviewing this case and found no error. Although it is deplorable that the trial court adopted verbatim the findings of fact as drafted by the plaintiff, we decline to disturb the Appellate Court's

ruling in light of its application of the proper standard of review. The dissent, faced with a deficient record, advocated changing the standard in reviewing marital dissolution cases from "credible evidence" to "substantial evidence." *Grayson* v. *Grayson,* supra, 297 (*Borden, J.,* dissenting). We see no reason for such a change.

In the light of these considerations and the rulings of the Appellate Court in this case, we do not reach the questions posed by the defendant and dismiss the appeal on the ground that certification was improvidently granted.

The appeal is dismissed.