STANLEY V. TUCKER *v.* CITY OF HARTFORD ET AL. (5774)

BIELUCH, O'CONNELL and STOUGHTON, Js.

Submitted on briefs March 17—decision released August 16, 1988

514

*Stanley V. Tucker,* pro se, the appellant (plaintiff), filed a brief.

*Richard H. Goldstein,* corporation counsel, and *Richard M. Cosgrove,* deputy corporation counsel, filed a brief for the appellees (defendants).

O'CONNELL, J. The plaintiff is appealing from the judgment of a state trial referee, acting as the trial court, in this tax appeal. He claims (1) that the trial court erred in determining the market value of the three properties which are the subject of this appeal, (2) that the trial court erred in failing to find that the defendants' failure to rectify the assessments on one property for the years 1979 through 1981, in accordance with the judgment in *Hartford* v. *Tucker,* 8 Conn. App. 209, 512 A.2d 944 (1986), constituted fraud and rendered all subsequent assessments on that property null and void, and (3) that the trial court was without power to determine the assessments for the properties in question. We find no error.

The plaintiff is the owner of properties in Hartford located at 65 Amity Street, 69 Amity Street, and 121 Allen Place. The plaintiff brought this action under General Statutes § 12-118 seeking review of the board of tax review's refusal to reduce the October 1, 1983 tax assessments on the three properties.[1] The plain-

---

[1] General Statutes § 12-118 provides: "Any person, including any lessee of real property whose lease has been recorded as provided in section 47-19

tiff subsequently amended his complaint, extending the appeals to include the October 1, 1984, October 1, 1985, and October 1, 1986 assessments. In addition, the plaintiff alleged that the 1978 through 1986 assessments of 121 Allen Place were null and void based on an earlier tax appeal brought by the plaintiff; *Hartford* v. *Tucker,* supra; and further alleged that the defendants' failure to comply with that decision constituted fraud. The plaintiff also alleged, pursuant to General Statutes § 12-119,[2] that the 1982 and 1983 tax assessments on

and who is bound under the terms of his lease to pay real property taxes, claiming to be aggrieved by the action of the board of tax review in any town or city may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. . . . The court shall have power to grant such relief as to justice and equity appertains, upon such terms and in such manner and form as appear equitable, and, if the application appears to have been made without probable cause, may tax double or triple costs, as the case appears to demand; and, upon all such applications, costs may be taxed at the discretion of the court. If the assessment made by the board of tax review is reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes, together with interest and costs, or, at the applicant's option, shall be granted a tax credit for such overpayment, interest and costs. Upon motion, said court shall, in event of such overpayment, enter judgment in favor of such applicant and against such city or town for the whole amount of such overpayment, together with interest and costs. The amount to which the assessment is so reduced shall be the assessed value of such property on the grand lists for succeeding years until the tax assessor finds that the value of the applicant's property has increased or decreased."

[2] General Statutes § 12-119 provides: "When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set, or that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof or any lessee thereof whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, prior to the payment of such tax, may, in addition to the other remedies provided by law, make application for relief to the superior court for the judicial district in which such town or city is situated. Such application

the 69 Amity Street and 121 Allen Place properties were manifestly excessive.

The trial court found that the market value of the 69 Amity Street property for the years in question was $20,000 as compared with the assessor's market value of $11,790, and that the market value of the property at 65 Amity Street for the years in question was $67,000, as compared with the assessor's market value of $37,500.

With regard to 121 Allen Place, the court found that the judgment in *Hartford* v. *Tucker*, supra, set the fair market value to be $86,000 for the years 1978 through 1981 only; it further found the fair market value for 1982 to be $180,000, as compared with the assessor's valuation of $120,000; it found the market value in 1983 to be $60,000 because of fire damage to the property, as compared with the assessor's market value of $120,000; and it found the value for the years 1984 through 1986 to be $120,000, in accordance with the assessor's valuation of $120,000 for those years. The trial court also found that the plaintiff's allegation of fraud, based on the defendants' failure to set the assessments as directed by *Hartford* v. *Tucker*, supra, for the years 1979 through 1981, was without merit, and that the subsequent assessments were not vitiated due to the defendants' claimed noncompliance with the remand from this court in that case.

may be made within one year from the date as of which the property was last evaluated for purposes of taxation and shall be served and returned in the same manner as is required in the case of a summons in a civil action, and the pendency of such application shall not suspend action upon the tax against the applicant. In all such actions, the superior court shall have power to grant such relief upon such terms and in such manner and form as to justice and equity appertains, and costs may be taxed at the discretion of the court. If such assessment is reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes in accordance with the judgment of said court."

The defendants reduced the assessments on the Allen Place property for the years 1979 through 1981 and 1983, in accordance with the judgment. The defendants have not altered, however, the assessments on any of the three properties for those years in which the market value was found by the trial court to be higher than that set by the city assessor, and the lower assessed values remain in place.

We note that an action pursuant to General Statutes § 12-119 is not directed to bringing about a change in the assessment list, as is an action under General Statutes § 12-118, but is directed to relief against the collection of an illegal tax. *Fenwick* v. *Old Saybrook,* 133 Conn. 22, 23–24, 47 A.2d 849 (1946); see also *Hartford* v. *Faith Center, Inc.,* 196 Conn. 487, 490–91, 493 A.2d 883 (1985); *Woodbury* v. *Pepe,* 6 Conn. App. 330, 333, 505 A.2d 723 (1986). This case, however, was handled by both the parties and the trial court as one brought solely under § 12-118. "Where, as here, a case was tried upon a certain theory, we will dispose of the case on the theory on which it was tried and on which the trial court decided it." *Crozier* v. *Zaboori,* 14 Conn. App. 457, 463, 541 A.2d 531 (1988).

The plaintiff first claims error in the trial court's determination of the market value of the subject properties. The valuation of property for assessment purposes is a question of fact for the trier. *Gorin's, Inc.* v. *Board of Tax Review,* 178 Conn. 606, 607, 424 A.2d 282 (1979). "The trier arrives at his own conclusions as to the value of land by weighing the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and his own general knowledge of the elements going to establish value." *O'Brien* v. *Board of Tax Review,* 169 Conn. 129, 136, 362 A.2d 914 (1975). "The conclusions reached by the trier must stand unless they are legally

or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law." Id., 133.

This claim of error as to the valuation of the properties amounts to no more than an argument that the trial court should have adopted the valuations presented by the plaintiff's appraiser. The trial court's determination of the value of the properties was based on the appraisals offered by both parties as well as a viewing of the subject properties. The court's conclusions as to the value of the plaintiff's properties are adequately supported by the evidence and do not depend on an erroneous rule of law. Id.

The plaintiff's second claim is that the trial court erred in not finding that the defendants' failure to change the assessments on the Allen Place property for the years 1979 to 1981 in accordance with the decision in *Hartford* v. *Tucker,* supra, constituted fraud and rendered all subsequent assessments on that property null and void. Our review of the record indicates that the court's finding of an absence of fraud is adequately supported by the record and is not clearly erroneous. Under such circumstances, we will not disturb the court's finding. Practice Book § 4061; *Licari* v. *Blackwelder,* 14 Conn. App. 46, 51–52, 539 A.2d 609 (1988). In the absence of fraud, the plaintiff's claim as to the invalidity of the assessments subsequent to 1981 is meritless.

The plaintiff's final claim of error is that the court was without power to determine the value of the Amity Street properties. The purpose of an appeal from a decision of the board of tax review is for the trial court to ascertain the true and actual value of the property in question. General Statutes § 12-118; *O'Brien* v. *Board of Tax Review,* supra; *Dickau* v. *Glastonbury,* 156 Conn.

437, 444, 242 A.2d 777 (1968). That is precisely what the trial court did in this case. There is, therefore, no merit to the plaintiff's claim.

There is no error.

In this opinion the other judges concurred.