## Amparo Bersani *v.* Michael G. Bersani

Superior Court     Judicial District of     File No. 276057
New Haven

Memorandum filed August 24, 1989

*Hitt, Sachmer & Coleman,* for the plaintiff.
*Edward J. Dolan,* for the defendant.
*Roberta S. Friedman,* for the minor children.

FREDERICK A. FREEDMAN, J. On October 3, 1988, the plaintiff wife instituted an action against the defendant husband for dissolution of marriage. On November 11, 1988, the court awarded custody pendente lite of the parties' two minor children to the plaintiff and specific visitation rights pendente lite to the defendant.

On March 7, 1989, under an agreement of the parties, approved by the court, the plaintiff was required to give the defendant thirty days written notice of her intent to leave the country. After a hearing on May 9, 1989, the court denied a motion filed by the plaintiff in which she sought a court order permitting her to return to Spain with the children pending the final hearing in the dissolution action.

In early June, the defendant learned that the plaintiff had moved out of the house that she was occupying with the children. The defendant sought information concerning the whereabouts of the plaintiff and the children from the plaintiff's attorney. While the plaintiff's attorney acknowledges that she possesses the requested information, she has declined to disclose it on the ground that to do so would violate her obligation to maintain confidential information imparted to her by a client.

By motion dated June 7, 1989, the defendant seeks an order to compel the plaintiff's attorney to reveal the information claiming that the attorney-client privilege must yield to assure that a judicial determination is made and enforced respecting the best interests of the children.

On June 8, 1989, the court found the plaintiff in wilful contempt, ordered her to return to Connecticut and awarded temporary custody of the two children to the defendant.

On July 14, 1989, after a hearing that the plaintiff did not attend but at which she was represented by counsel, the marriage was dissolved and the court ordered, inter alia, that custody of the minor children was to be with the defendant.

The defendant acknowledges in his memorandum in support of his motion to compel that Rule 1.6 of the Rules of Professional Conduct precludes, except as specifically authorized, disclosures by an attorney of confidential information imparted to the attorney by a client in the course of the attorney's representation. He argues, however, that sustaining the privilege in the present circumstances would "tend to immunize a flagrant violation of this court's orders and to inflict an unjustifiable harm to the interests of the defendant and of the children."

The plaintiff argues in her memorandum of law in opposition to the defendant's motion to compel that, while the court has an obligation to apply the best interests of the child standard in custody disputes, "the issue presently before this court does not involve custody, it involves disclosure of privileged information." The plaintiff further argues that the "best interests of the child" does not provide an exception to the confidentiality rule, and that providing too many exceptions would erode the rule and thereby impede the attorney's ability competently and earnestly to represent her client.

"The common-law rule of privileged communications has been stated as follows: 'Where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser, except the protection be waived.' 8 Wigmore, Evidence § 2292, p. 554 (McNaughton Rev. 1961) . . . ." *Rienzo* v. *Santangelo,* 160 Conn. 391, 395, 279 A.2d 565 (1971). Connecticut has not altered the rule by statute, as have some states. Id. "The privilege is designed to remove client apprehension as to compelled disclosure by the attorney, and thereby encourage freedom of full disclosure by the client of all the facts relating to the subject matter of inquiry or litigation." C. Tait & J. LaPlante, Connecticut Evidence (1976) § 12.5.

Subsection (c) (2) of Rule 1.6 of the Rules of Professional Conduct provides that a lawyer may reveal information relating to the representation of a client to the extent that the lawyer believes that it is necessary to "[r]ectify the consequence of a client's criminal or fraudulent act in the commission of which the lawyer's services had been used." Rule 3.3 (a) (2) of the Rules of Professional Conduct states that "[a] lawyer shall

not knowingly . . . fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client . . . ."

It is the opinion of this court that the plaintiff's wilful contempt in leaving the country in violation of the court's order constitutes a fraud on the court, a fraudulent act under Rule 1.6 (c) (2). While it is clear to this court that the plaintiff's attorney did not assist or advise the plaintiff to violate the court's order, the attorney's present refusal to disclose her client's whereabouts does serve to assist the plaintiff in her ongoing violation of the court's order.

The New Jersey Supreme Court in *Fellerman* v. *Bradley*, 99 N.J. 493, 503, 493 A.2d 1239 (1985), stated that in the context of the "crime or fraud" exception to the attorney-client privilege found at N.J. Stat. Ann. § 2A:84A-20 (2) (a), "our courts have generally given the term 'fraud' an expansive reading." Fed. R. Evid. 26 (2) (a). In *Fellerman,* the failure of the defendant's attorney to disclose the whereabouts of his client prevented the court from enforcing a provision of the final judgment in a dissolution action, to which the defendant had previously agreed, requiring the defendant to pay an expert's fee. Id., 506. The court stated that "the client, through his attorney, attempted to perpetrate a fraud on the court—to 'mock' justice—by consenting to and subsequently flouting a judgment that obligated him to bear the costs of an accountant." Id., 505.

The situation in the present case presents more compelling facts than those in *Fellerman* to justify the expansion of the meaning of fraud in Rule 1.6 (c) (2) beyond traditional tort or criminal law definitions to include those which constitute "a fraud on the court." The court in *Fellerman* concluded that the defendant's attempt to escape payment of a court ordered expense

constituted a fraud on the court. The plaintiff's deliberate violation of the court's order in the present case has extended ramifications because it impedes the court's ability to implement its subsequent orders regarding custody, orders made in the best interests of the two minor children, not in the interests of either the plaintiff or the defendant.

The New York Court of Appeals in *Matter of Jacqueline F.*, 47 N.Y.2d 215, 391 N.E.2d 967, 417 N.Y.S.2d 884 (1979), required an attorney representing the guardian of a minor to disclose his client's address notwithstanding the attorney's claim that the information was protected under the attorney-client privilege. The court noted that in determining whether a communication by a client to an attorney should be afforded the cloak of privilege, " ' "much ought to depend on the circumstances of each case." ' " Id., 222. The court further noted that the attorney's client appeared to keep her address secret for the sole purpose of thwarting the mandate of the court's judgment awarding custody of the minor to her parents. Id., 222–23. The court held that "[u]nder these circumstances the attorney-client privilege, which exists to foster 'lawful and honest purposes' . . . must yield to the best interests of the child." Id., 223.

In *Jafarian-Kerman* v. *Jafarian-Kerman*, 424 S.W.2d 333 (Mo. App. 1967), a case with facts similar to those of the present case, a Missouri Appellate Court required the defendant's attorney to disclose to the court the information he possessed regarding the precise whereabouts of the defendant and the minor child, whose custody had been temporarily granted to the plaintiff. The court noted that the child had become a ward of the court, and was subject to the court's final decree in the dissolution proceedings instituted by the plaintiff. Id., 339. Noting further that the defendant had gained possession of the child under his visitation

privilege and had surreptitiously taken the child to Germany at some address unknown to the plaintiff and the court, the court concluded that "[s]uch conduct of the defendant was a malicious and wanton infraction of the court's orders and brazen obstruction of the administration of justice." Id.

In the context of an appeal from a Superior Court order adjudging an attorney to be in contempt for refusing to disclose the whereabouts of his client, who had forcibly removed her child from the custodial home, the Supreme Court of Washington, in *Dike* v. *Dike,* 75 Wash. 2d 1, 448 P.2d 490 (1968), held that the address of the attorney's client was not privileged information. The court noted that although there was no support for a finding that the client's actions were performed with the attorney's knowledge, that did not alter the fact that the client's wrongful act was continuing and that the attorney became aware of her client's misdeed during its continuance. Id., 5. Concluding that the address of the attorney's client was not privileged information, the court stated: "[W]e will not allow the shield of silence constructed by the privilege to aid the client in continuing his wrongdoing at the expense of other members of society. The information sought by the court did not relate to a completed wrong, nor was the primary purpose of disclosure to punish the client for her misdeeds in the past; rather, the information relates to a continuing wrong which [has been] aided by the silence of the client's attorney. The primary purpose of disclosure is to protect a minor child's welfare which is, at least potentially, being harmed by the client's continuing wrongful actions." Id., 14.

This court, mindful of the importance of the attorney-client privilege and the function it serves in our adversary system, must nevertheless weigh the benefits of that privilege against the state's vital interest as parens patriae in determining the best interests of the minor

children. While the plaintiff would have this court hold that the issue before it does not involve custody, the issue of custody here is inextricably intertwined with the issue of attorney-client privilege. The facts reveal: (1) that the plaintiff has left the country with the children in direct violation of a court order; (2) that the plaintiff's attorney knows the precise whereabouts of her client and declines to disclose that information; (3) that the failure to disclose that information assists the plaintiff in her ongoing contempt of the court's order; and (4) that the court's ability to effectuate subsequent orders issued in the best interests of the children has been thwarted.

It is this court's opinion, that, under the circumstances, the attorney-client privilege does not apply to information imparted to an attorney by a client in the course of perpetrating a fraud on the court. Moreover, any claim of privilege must yield in these circumstances to the best interests of the children. Accordingly, the defendant's motion to compel counsel to reveal the whereabouts of the plaintiff and the children is granted.