CATHERINE T. SPARKS *v.* GERTRUDE
KOSHEFSKY ET AL.
(9706)

NORCOTT, LAVERY and LANDAU, Js.

Argued September 30—decision released October 22, 1991

*Maria L. Hampton,* with whom, on the brief, was *Walter R. Hampton, Jr.,* for the appellant (named defendant).

*Francis C. Vignati, Jr.,* for the appellee (plaintiff).

PER CURIAM. The named defendant, Gertrude Koshefsky,[1] appeals from a decision of the trial court declaring title to the real estate at issue to be in the plaintiff, Catherine T. Sparks.

While much of the trial testimony was disputed, it is axiomatic that the credibility of witnesses, the finding of facts, and the drawing of inferences are all within the trier's province. "It is futile to assign error involving the weight of testimony or the credibility of witnesses." *Grayson* v. *Grayson,* 4 Conn. App. 275, 293, 494 A.2d 576 (1985), appeal dismissed, 202 Conn. 221, 520 A.2d 225 (1987); *Piantedosi* v. *Floridia,* 186 Conn. 275, 277, 440 A.2d 977 (1982). This court cannot retry the facts or pass on the credibility of witnesses. *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979); *State* v. *Speers,* 17 Conn. App. 587, 592, 554

---

[1] Gertrude Koshefsky is the only one of the three original defendants who has pursued the present appeal.

A.2d 769, cert. denied, 211 Conn. 808, 559 A.2d 1142, cert. denied, 493 U.S. 851, 110 S. Ct. 150, 107 L. Ed. 2d 108, cert. denied sub nom. *George* v. *Connecticut,* 493 U.S. 893, 110 S. Ct. 241, 107 L. Ed. 2d 192 (1989). The named defendant has failed to demonstrate that the trial court's factual findings were clearly erroneous or that its decision was otherwise erroneous in law. Practice Book § 4061; see *U.S. Fidelity & Guaranty Co.* v. *K. J. Enterprises, Inc.,* 19 Conn. App. 806, 563 A.2d 1386, cert. denied, 212 Conn. 818, 565 A.2d 538 (1989), cert. denied, 493 U.S. 1088, 110 S. Ct. 1155, 107 L. Ed. 2d 1058 (1990). Moreover, our own review of the record discloses that the evidence was sufficient to support the trial court's factual finding.

The judgment is affirmed.