[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is the owner of property in Union located at Howard Road on Lake Mashapaug. This action is brought pursuant to Conn. Gen. Stat. 12-118 seeking review of the board of tax review's refusal to reduce the October 1, 1989 tax assessment of the property.
The property consists of 24.70 acres with a lakeside house and seasonal cottage as improvements. All but one acre of the property is assessed as forest land at $100 an acre. The forest land assessment is not in dispute. The tax assessor evaluates one acre as non-forest/farm land. In making such evaluation the town's evaluation service used a theoretical acre which included the 500' of lakefront and the cottages. The Plaintiff's evaluation (Exhibit A) considered the acre as the building and surrounding land with 250 feet of lakefrontage.
The town appraiser valued lakefront lots at $110,000 and added a figure which represented the lakefrontage multiplied by $200 a foot. This yielded a land value of 209,900. The lakefront lot factor and per foot value were the result of a sale of another house on the same lake within five months of the appraisal. In addition general information about other Connecticut lakefront property was considered.
The plaintiff's appraisal considers the sale of other lots in Union, Stafford, and Eastford; and dwellings in Ashford and Stafford. Plaintiff's appraiser did not consider CT Page 2654 the sale of Lake Mashapaug lakefront property.
The Court in an appeal under 12-118 must determine the market value of the property as an issue of fact. Gorin's Inc. v. Board of Tax Review, 178 Conn. 606, 607 (1979); Tucker v. Hartford, 15 Conn. App. 513, 517 (1988).
The Court finds that the market value on the assessment date of the land is as determined by the town assessor $209,900. The Court finds the market value of the improvements thereon to be $130,000. In arriving at such factual conclusions the Court considered the opinions of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value and general knowledge of elements going to establish value. O'Brien v. Board of Tax Review, 169 Conn. 129, 136 (1975).
The property value at the time of appraisal is this:
$212,000 land ($209,600 plus $2,400 representing forest land);
$130,000 improvements; -------------------------- $342,000
The plaintiff's assessment is thus disproportional, inequitable and illegal.
It is ordered adjusted in accordance with the Court's determination of actual market value.
BY THE COURT, HON. ROBERT McWEENY SUPERIOR COURT JUDGE