[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED OCTOBER 2, 1995
The plaintiff, Southern Connecticut Gas Company, has moved for summary judgment in two related cases. The issue common to both cases is whether the tax assessor of the City of Bridgeport possessed legal power in November of 1992 and May of 1993 to alter the municipal grand lists of October 1, 1989, 1990 and 1991, by increasing the value of the plaintiff's property listed on each list. This court concludes the assessor's authority to alter the list had expired. For the reasons stated below, the motions for summary judgment are granted.
In the first proceeding, the Southern ConnecticutGas Company v. City of Bridgeport, CV93-0304579S, the plaintiff (Southern) appeals pursuant to General Statutes § 12-117a from the action of the Board of Tax Review. The following allegations in Southern's appeal-application have been admitted by the City of Bridgeport: Southern is the owner of personal property located in Bridgeport. Southern included the personal property in the lists of property it filed with the assessor of the City of Bridgeport for October 1, 1989, October 1, 1990, and October 1, 1991. The assessor included said personal property in the name of Southern in each of its grand lists of personal property for October 1, 1989, October 1, 1990, and October 1, 1991. Tax bills were rendered to Southern for taxes levied with respect to each of such grand lists. The tax bills have been paid in full except for the second half of taxes for the grand list of October 1, 1991. On or about November 2, 1992, Southern received notice of changes in assessment from the assessor for its personal property listed on the grand lists of October 1, 1989, 1990, and 1991. On or about November 2, 1992, the tax collector of the City of Bridgeport delivered to Southern bills for personal property taxes in respect CT Page 12444 to the new assessments. The changes in the assessments retroactively increased Southern's tax liability for the three years at issue in the amount of $157,846.46. Southern appealed to the Board of Tax Review for the City of Bridgeport. On March 30, 1993, the Board of Tax Review denied the relief requested by Southern. On or about May 17, 1993, the Tax Assessor sent additional notices of change in assessment to Southern for the grand lists of 1989, 1990, and 1991, along with tax bills for additional taxes.
The following additional facts have been proven by affidavit and are uncontroverted by the City: For the grand lists of October 1, 1989, 1990, and 1991, the Bridgeport Tax Assessor assessed Southern's personal property for tax purposes at the value stated in the applicable declarations submitted by Southern. At no time prior to making assessments for those tax years did the Bridgeport Tax Assessor claim or state to Southern that the lists submitted by Southern contained insufficient information to permit the assessor to determine the value of the listed property. At no time prior to making assessments for those tax years did the Bridgeport Tax Assessor claim or state to Southern that any personal property had been omitted from the declarations of personal property submitted by Southern. Southern timely paid all bills for taxes on personal property on the grand lists of October 1, 1989, 1990, and 1991, up to the end of October of 1992. In October of 1992, and again in May of 1993, Bridgeport issued Southern bills for additional taxes, penalties and interest. The Bridgeport Tax Assessor did not at any time identify any machinery or equipment, or any footage of gas main property, that was omitted by Southern on the declarations originally filed for the grand lists of October 1, 1989, 1990, or 1991. Southern did not omit any items of personal property from the lists it originally submitted to Bridgeport for the October 1, 1989, 1990, and 1991 grand lists. When the assessor revalued Southern's personal property and calculated the amount of personal property tax due from Southern for those years, the assessor claimed Southern previously undervalued its property at the time it filed its declarations of taxable property. CT Page 12445
In the second proceeding, the Southern ConnecticutGas Company v. Bridgeport, et al., CV93-0309319S, Southern seeks various forms of equitable relief against the City of Bridgeport, the Tax Assessor, the Tax Collector, the Finance Director, and Century Financial Associates, LTD. Century was hired by the City of Bridgeport to audit personal property lists submitted by tax payers. In the second count of the complaint filed in this equitable proceeding, Southern brings a claim under General Statutes § 12-119. Southern alleges the reassessments were manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property.
The plaintiff seeks summary judgment in both cases. In the first case, it requests that its tax appeal be granted. In the second case, it seeks judgment on the second count of its complaint.
Pursuant to Practice Book § 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994).
I. City's Request for Continuance
The city and municipal defendants claim they are unable to oppose the motion for summary judgment because Southern possesses information they need to contest the motion. Southern objects to a continuance. It claims the defendants have had ample time to conduct discovery but have failed to do so. In addition. Southern argues the defendants have failed to specifically CT Page 12446 identify the information they need and the questions of fact which might be addressed by such information.
To obtain a continuance under Practice Book § 382, the opposing party must show by affidavit the facts which are within the exclusive knowledge of the moving party and what steps the opposing party has taken to attempt to acquire these facts. See Dorazio v. M.B.Foster Electric Co., 157 Conn. 226, 230 (1968). The defendants have not made such a showing. Southern's motions for summary judgment are premised upon the contention that the tax assessor lacked authority to alter the grand lists. If Southern's contention is correct, its interpretation of the statutory law is dispositive of these cases. The defendants have not explained how information in Southern's possession would aid the court in determining whether the assessor was authorized by statute to alter the grand lists.
II. Tax Appeal
Southern's tax appeal is brought to this court pursuant to General Statutes § 12-117a. Southern contends the tax assessor's authority to alter the grand lists of October 1, 1989, 1990, and 1991, had expired by the time the assessor altered the lists in 1992 and 1993. An assessor is required pursuant to General Statutes § 52-55 to complete and file the annual grand list by the thirty-first day of January, i.e., the Bridgeport tax assessor was required to complete and file the grand list of October 1, 1989, by January 31, 1990; the grand list of October 1, 1990, by January 31, 1991; and the grand list of October 1, 1991, by January 31, 1992. Our Supreme Court has stated that "[t]he power of assessors to alter assessments exists only during the lawful period for the performance of their duties, before the [municipal grand] lists are completed and filed . . ." National CSS,Inc. v. Stamford, 195 Conn. 587, 593-94,489 A.2d 1034 (1985). The assessor altered the 1989, 1990 and 1991 grand lists after the period for completing and filing each grand list had expired and after the municipality had levied and collected taxes on each grand list. Because the time period had expired, Southern CT Page 12447 claims the assessor lacked statutory authority to alter the lists.
The City of Bridgeport contends the assessor was authorized to alter the grand lists by General Statutes § 12-53, as revised in 1986 by P.A. No. 86-84. Section12-53 allows an assessor to add to a person's list of taxable property any taxable property belonging to the person which the person omitted from the list of taxable property given in by the person. The 1986 amendments to this section created an ambiguity in the statute.
Subsection (b) of § 12-53 provides for a discovery hearing with respect to the ownership and valuation of property. The 1986 amendments increased the time period during which an assessor may give notice of such a hearing to the property owner. If taxable property is discovered at such hearing, the assessor may add the omitted property to the owner's list. Subsection (c) was also amended in 1986. Before the 1986 amendments, subsection (c) required the assessor to give a person notice whenever the assessor added property to the person's list. The 1986 amendment to subsection (c) now requires notice whenever the assessor or board of assessors add property "or increase or decrease the valuation of any property under the provisions of subsection (b) . . ." The ambiguity in § 12-53 arises because subsection (b) does not authorize the assessor or board of assessors to increase or decrease the valuation of property after the grand list has been completed and filed. Subsection (b) only authorizes the addition of omitted property to a person's list of taxable property.
Because § 12-53 involves the imposition of a tax, the court "must strictly construe any ambiguity in the statute against the taxing authority and in favor of the taxpayer." AirKaman, Inc. v. Groppo, 221 Conn. 751, 756607 A.2d 410 (1992). "Municipalities have no powers of taxation except those expressly given to them by the legislature . . . Their powers of taxation can be lawfully exercised only in strict conformity to the terms by which they were given . . . When a taxing statute is being considered, ambiguities are resolved in favor of the taxpayer . . ." Security Mills, Inc. v. Norwich,
CT Page 12448145 Conn. 375, 377 (1958). Since § 12-53 is ambiguous, this court must construe the statute in favor of the taxpayer. This court therefore concludes the assessor lacked authority in November of 1992 and May of 1993 to alter the grand lists of October 1, 1989, 1990 and 1991.
This court finds that Southern's documentary evidence and the City's admissions demonstrate that Southern is aggrieved by the action of the Board of Tax Review in denying Southern's appeal for a reduction in the assessed valuation of its property. The appeal to this court is sustained. The valuation of Southern's personal property set forth on Bridgeport's grand lists for October 1, 1989, October 1, 1990 and October 1, 1991 must be reduced to those valuations which existed prior to the increases made in November of 1992 and May of 1993.
III. Equitable Action
In the equitable action, Southern seeks as relief, interalia, an injunction against the collection of taxes pursuant to the November 1992 and May 1993 tax bills. In the second count of its complaint, Southern relies on General Statutes § 12-119. This statute is directed to relief against the collection of an illegal tax while section12-117a is directed to bringing about a change in the assessment list. Tucker v. Hartford, 15 Conn. App. 513,517 (1988). General Statutes § 12-119 provides two possible grounds for recovery. "The first category in the statute embraces situations where a tax has been laid on property not taxable in the municipality where it is situated . . ." Wilson v. Kelley, 224 Conn. 110, 119
(1992). "The second category consists of claims that assessments are `(a) manifestly excessive and (b) . . . could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of the property.'. . ." Id. The second category affords relief where there has been a manifest and flagrant disregard of statutory provisions; Connecticut Light Power Co. v. Oxford, 101 Conn. 383, 392 (1924); or where there was misfeasance or nonfeasance by the taxing authorities. L.G. DeFelice Sons, Inc. v. Wethersfield,167 Conn. 509, 512-13 (1975). CT Page 12449
Because this court has just concluded that the grand lists of October 1, 1989, October 1, 1990, and October 1, 1991, were illegally altered in November of 1992 and May of 1993, it follows that the additional taxes based upon the increased assessments are not justly due. The increased assessments are manifestly excessive and were arrived at by disregarding the provisions of the statutes. Accordingly, this court concludes the City of Bridgeport, the assessor, the tax collector, and the finance director must be enjoined from collecting taxes from Southern pursuant to the November 1992 and the May of 1993 tax bills which were issued in connection with the November 1992 and May 1993 alterations of the 1989, 1990 and 1991 grand lists.
Conclusion
Based upon the foregoing, Southern's tax appeal to this court, Southern Connecticut Gas Company v. Cityof Bridgeport, CV93-0304579S, is sustained. In the equitable action, Southern Connecticut Gas Companyv. City of Bridgeport, CV93-0309319S, judgment is entered in favor of the plaintiff on the second count in accordance with the third prayer for relief.