[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 12, 1996
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR CONTEMPT
The Plaintiff seeks to have the Defendant found in contempt CT Page 1239 for failing to pay expenses related to the family home and past due debt on a certain Master Card charge account.
The Defendant has appealed the trial court's orders respecting such payments as well as a $1,000 a week support payment also ordered by the court.
The stay of execution of such portions of the orders which are not support, has been restored by the Appellate Court.
Support orders are not subject to the stay of execution pending appeal, P.B. § 4046, Mulholland v. Mulholland,229 Conn. 643 (1994).
The Defendant is apparently paying the $1,000 a week order which is without question a support order and not subject to a Stay of Execution.
The Defendant asserts that the orders relating to the family home and past due debt are not support orders and are subject to the stay of execution pending the resolution of his appeal.
The Plaintiff relying on a November 16, 1995 clarification by the trial court (Santos, J.); contends that such payments are in kind support and not subject to the stay. Judge Santos' clarification of November 16, 1995 in fact indicates that the payments ordered were support payments.
The court is asked to enforce Judge Santos' orders as clarified on November 16, 1995 through its contempt powers.
When an appeal of a trial court judge's decision is pending the court's power to articulate or clarify its decision is circumscribed by the rules of practice. P.B. § 4051 provide the procedure for a party ". . . seeking an articulation or further articulation of the decision of the trial court . . ." when a decision is on appeal. The procedure involves filing the motion with the appellate court clerk, who forwards such motion with the trial judge. The trial judge in turn files her ruling with the appellate clerk.
The record in this case is convoluted but reflects the following pertinent history. The parties who had previously been married and divorced; lived together and had two children. The relationship apparently broke down and the Plaintiff initiated CT Page 1240 this action for support, alimony or separate maintenance, custody, property division and counsel fees.
The trial court (Santos, Jr.) on January 24, 1995 and February 14, 1995 entered orders that Defendant pay child support payments of $1,000 per week and continue to pay certain household expenses and Plaintiff's Master Card bill. In a Memorandum of Decision filed March 30, 1995, the court reaffirmed its $1,000 a week child support order, fixed an arrearage, set a schedule for arrearage repayment, and continued its orders of February 14, 1995. In response to Plaintiff's April 12, 1995 Motion for Clarification the Court responded in writing on May 4, 1995 indicating that the $1,000 a week cash payments, household expense and past Master Card debt orders shall continue.
Defendant appealed the March 30, 1995 orders as clarified on May 4, 1995.
The Plaintiff's Motion to Terminate Automatic Stay of Execution dated June 27, 1995 was granted by the trial court on July 19, 1995.
Plaintiff's Motion to Dismiss the Appeal was denied by the Appellate Court on July 26, 1995. Defendant's Motion for Review of the Termination of the Stay was granted and the stay restored by the Appellate Court on September 7, 1995.
On September 15, 1995 Plaintiff filed a Motion to Clarify with the Appellate Clerk, a Motion to Clarify with the trial court clerk and a Motion for Contempt in trial court.
The Appellate Court on October 11, 1995 dismissed the Plaintiff's Motion for Clarification of September 15, 1995.
On November 16, 1995 Judge Santos filed a clarification regarding the support nature of her entire order including $1,000 a week cash, household expenses and past Master Card debt.
On November 27, 1995 the Defendant filed a Motion to Review the November 16, 1995 clarification. The Motion for Review is pending before the Appellate Court.
The undersigned concludes that Judge Santos has issued orders requiring the Defendant to pay the Plaintiff child support in the following form: $1,000 weekly payments, the payment of household CT Page 1241 expenses and a past Master Card debt. Support orders are not subject to stay of execution and should be honored during the appellate process, P.B. § 4046.
The record also reflects a deviation from the Rules of Practice relating to clarification or articulation. The consequence of such deviation will be determined by the Appellate Court in its resolution of pending Motions and the underlying Appeal by Defendant.
The jurisdiction of the trial court to enter post-judgment orders has been specifically recognized in Yontef v. Yontef,185 Conn. 275 (1988), wherein the Supreme Court held at 85 Conn. 292: "Although there is no statutory authority for a trial court to enter post-judgment orders, this court has recognized the inherent authority of a court to preserve rights pending an appeal."
The Yontef decision specifically dealt with post-judgment custody orders but by analogy covers the related area of family court child support orders. For the family court to decline to enforce orders or preserve rights relating to custody, support and periodic alimony pending an appeal would be contrary to the rules regarding automatic stay § 4046; and more importantly the responsibility of the family court "as the jurisdiction of the court to modify the decree in matters of alimony and custody is a continuing one, so too, in reason and justice, is its power to make an allowance when these matters are again in issue after the final decree." Yontef v. Yontef, 185 Conn. 275, 293 (1981).
The Connecticut Supreme Court has declared that "Our cases have recognized that the special concerns that arise in the context of family cases may sometimes justify a departure from the rules that ordinarily apply to other civil disputes."Mulholland v. Mulholland, 229 Conn. 643 at 650 (1994) citingBillington v. Billington, 220 Conn. 212 (1991); Monroe v.Monroe, 177 Conn. 173, 182-183 (1979); Baker v. Baker,187 Conn. 315 (1982), O'Bymachou v. O'Bymachou, 12 Conn. App. 1113,118-19 (1987); Grayson v. Grayson, 4 Conn. App. 275 (1985), appeal dismissed 202 Conn. 221 (1987).
In dealing with child support orders our Courts have recognized in upholding a civil contempt citation a result different from that reached by us today would . . . frustrate clearly defined public policy regarding the parental obligation CT Page 1242 to support minor children. Both state and national policy has been, and continues to be, to ensure that all parents support their children and that children who do not live with their parents benefit from adequate and enforceable orders of child support. Turner v. Turner, 219 Conn. 703, 713-20. Mulholland v.Mulholland, 229 Conn. 643, 651 (1994).
The Court retains its jurisdiction to enforce the support order as clarified by Judge Santos.
The Defendant is found in contempt of court. Defendant is ordered to pay the Plaintiff's past due Master Card debt and household expenses. The case is continued to the Contempt Calendar of January 30, 1996 for compliance review and further orders relating to this contempt finding.
McWEENY, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 1250