JANE DOE ET AL. *v.* BRIDGEPORT HOSPITAL ET AL.
(15200)

Dupont, C. J., and Lavery, Landau and Spear, Js.

Considered November 29, 1995—decision released February 27, 1996

---

*Monica Copertino Chioffi,* in support of the motion.

*Craig A. Fontaine,* in opposition to the motion.

LANDAU, J. The plaintiffs, Jane Doe and John Doe, have filed a motion for review of the trial court's decision denying articulation of the granting of summary judgment in favor of the defendant Fred Braun.[1] They seek relief because the trial court, in its attempt to articulate, adopted by reference the defendant's conclusions of fact and law presented in his memorandum in support of his motion for summary judgment.[2] We conclude that the court's practice in this case is improper and, therefore, grant review of the plaintiffs' motion and grant the relief requested therein.

The following procedural history is relevant to our disposition of this motion. The plaintiffs brought this action against the defendant as a result of damages suffered after Jane Doe was informed that she tested positive for the human immunodeficiency virus (HIV) when, as alleged by the plaintiffs, Jane Doe is not HIV positive. The defendant moved for summary judgment on all counts against him on the grounds that there were no material facts in dispute and he was entitled

---

[1] Also named as defendants are Bridgeport Hospital and David Baker. We refer in this opinion to Braun as the defendant.

[2] The trial court in fact denied the plaintiffs' motion for articulation, but then stated that it adopted the defendant's statement of facts and conclusions of law.

to judgment as a matter of law. The trial court granted the defendant's motion. The plaintiffs' appeal followed.

Pursuant to Practice Book § 4051[3] the plaintiffs moved the trial court to articulate the factual and legal bases for its decision granting summary judgment for the defendant. The court responded, "The motion for articulation is denied. In granting the defendant's motion for summary judgment the trial court necessarily agreed with the defendant that there was 'no genuine issue as to any material fact and that the party [was] entitled to judgment as a matter of law.' Practice Book § 384. While it is improper for the court to import verbatim into a memorandum of decision a moving party's claimed facts and conclusions of law; *Grayson* v. *Grayson*, 202 Conn. 221, 223, 520 A.2d 225 (1987); still, 'in this day of suffocating court dockets'; *Fengler* v. *Northwest Connecticut Homes, Inc.*, 215 Conn. 286, 292, 575 A.2d 696 (1990); it is or ought to be acceptable for the trial court, on a pretrial motion such as that giving rise to this appeal, to adopt by implied or express reference that party's statements of material facts and conclusions of law. *Abbott Laboratories* v. *Mead Johnson & Co.*, 971 F.2d 6, 23 (7th Cir. 1992); see also *Pepsico, Inc.* v. *Redmond,* 54 F.3d 1262, 1267 (7th Cir. 1995), and cases cited therein. This the [trial] court has done."

In decisions that "constitute a final judgment for purposes of appeal under Sec. 4000, the court shall, either orally or in writing, state its decision on the issues in

---

[3] Practice Book § 4051 provides in relevant part: "Any motion . . . seeking an articulation or further articulation of the decision of the trial court shall be determined by the judge of the trial court whence the appeal is taken or the reservation is made. The trial court may make such corrections or additions as are necessary for the proper presentation of the preliminary statement of issues . . . . The action of the trial judge as regards such a correction or addition may be reviewed by the court in which the appeal is pending under Sec. 4054. Nothing herein is intended to affect the existing practice with respect to opening and correcting judgments and the records on which they are based. . . ."

the matter. The court shall include in its decision its conclusion as to each claim of law raised by the parties and the factual basis therefor. . . ." Practice Book § 4059 (a) (5). In this case, the trial court's response, incorporating by reference the defendant's memorandum in support of his motion for summary judgment, does not constitute adequate compliance with the mandates of § 4059.

The situation created by the court's response in this case is similar to those cases in which the trial court has not given any indication of the basis of its decision. Appellate review in each situation requires this court to cull through the record in an attempt to surmise the trial court's conclusions. See *State* v. *Hoeplinger*, 27 Conn. App. 643, 646, 609 A.2d 1015, cert. denied, 223 Conn. 912, 612 A.2d 59 (1992). We will not review the defendant's memorandum to surmise what facts the trial court considered material and what law the trial court applied to determine that the defendant is entitled to judgment. "Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting this claim would be entirely speculative." (Internal quotation marks omitted.) *Gallant* v. *Esposito*, 36 Conn. App. 794, 798, 654 A.2d 380 (1995).

We have in the past emphasized the inadequacy of a trial court's adoption of a party's factual or legal conclusions as the basis for the court's decision. In *Grayson* v. *Grayson*, 4 Conn. App. 275, 494 A.2d 576 (1985), appeal dismissed, 202 Conn. 221, 520 A.2d 225 (1987) (certification improvidently granted), the trial court filed a memorandum of decision that adopted, essentially verbatim, the plaintiff's requested findings of fact. Although we affirmed the trial court's decision because those findings were supported by the evidence,

we emphasized that "the practice of adopting parties' proposed findings of fact invites error or sloppy analysis on the judge's part. More importantly, the appearance of justice is just as important as the reality, and a verbatim adoption of the facts proffered by one of the advocates invites a public suspicion of the trial court's decision. The perceptions by the public and by the losing litigant of our system of justice are surely not enhanced by such a practice." Id., 284.

In *Hartford* v. *Tucker*, 8 Conn. App. 209, 512 A.2d 944 (1986), the trial court adopted and incorporated by reference in its memorandum of decision a party's lengthy trial brief as the basis for its decision, rather than finding its own facts and making independent conclusions. We found this practice to be even less acceptable than that displayed in *Grayson* "since a trial brief is not drafted by a party so much to present an adequate *factual* basis for deciding the case as it is by design and the rules of advocacy to provide a *legal* basis for decision in favor of the subscriber. It is not to be treated by the court as judicial precedent might be considered in a decision." (Emphasis in original.) Id., 214–15 n.10.

The trial courts in *Grayson* and *Tucker* each issued a memorandum of decision in which the court articulated the party's conclusions on which it relied. Therefore, although we disapproved of the courts' means for reaching their conclusions, we nonetheless had before us in each case a memorandum of decision to review. In this case, however, we must review the defendant's memorandum in support of his motion for summary judgment to attempt to determine the trial court's conclusions. Furthermore, in *Grayson* and *Tucker* we did not consider the issue of the trial courts' adoption of the parties' conclusions as the bases for their decisions until we had reviewed the merits of the appeals. We could, therefore, grant relief in those cases only to the extent that the courts' decisions warranted reversal. The issue of the court's adoption of the defendant's

conclusions in this case comes before us through a motion for review under Practice Book § 4054. That section provides this court with the authority to "direct any action it deems proper." We are at a much earlier stage of the proceeding in this case than in *Grayson* and *Tucker*, and, therefore, in a position to remedy the trial court's adoption of the defendant's conclusions as the basis for its decision.

We understand the trial court's dilemma in denying articulation of its decision and adopting the defendant's conclusions because of the "suffocating court dockets" and its desire to hasten the procurement of justice. Such concerns are certainly valid and should be considered in the adjudication of court cases. See *State* v. *Guess*, 39 Conn. App. 224, 233, 665 A.2d 126, cert. denied, 235 Conn. 924, 666 A.2d 1187 (1995). We note, however, that the trial court's practice in this case, albeit well intentioned, has increased the docket rather than decrease it. Because an adequate record for review is not available to this court, we must now direct the trial court to articulate its decision.

The plaintiffs' motion for review is granted; the relief requested is granted in that the trial court is directed to articulate the bases for granting the defendant's motion for summary judgment.

In this opinion the other judges concurred.