ALLAN S. MALL *v.* MYRNA LABOW
(11289)

O'CONNELL, LAVERY and SCHALLER, Js.

Argued October 29—decision released December 28, 1993

*Myrna LaBow,* pro se, the appellant (defendant).
*Warren P. Joblin,* amicus curiae.

LAVERY, J. The defendant appeals following the trial court's denial of her motion to vacate a property execution issued to enforce a judgment against her.[1] The defendant claims that the trial court improperly (1) permitted an assignee of a judgment to obtain a property execution, (2) acted with prejudice toward the plaintiff, (3) rewarded an attorney who acted unethically, (4) failed to dismiss in light of fraud by the true owner of the judgment, and (5) failed to give full faith and credit to a New York proceeding. We affirm the judgment of the trial court.

This appeal arises out of the marriage dissolution of Myrna and Ronald LaBow granted in 1978. On July 24,

[1] This case was heard in conjunction with *Colleran* v. *LaBow,* 33 Conn. App. 365, 635 A.2d 874 (1993). Although related, the two cases were considered, and have been reported, separately.

1980, Allan S. Mall, one of the attorneys who represented the defendant during the dissolution, obtained a judgment against her for unpaid legal fees of $20,000 plus interest. Five years later, Mall assigned that judgment to Warren P. Joblin, as trustee for an undisclosed beneficiary. Joblin paid Mall $32,584.40 and Mall signed an agreement of assignment on February 9, 1985. In the assignment agreement, Mall relinquished all claims to the judgment and appointed Joblin as his attorney-in-fact regarding this judgment.

Joblin obtained a bank execution against the defendant's funds on account at the Westport Bank and Trust in Westport on February 26, 1992. The execution listed Mall as the judgment creditor; Joblin was listed as the judgment creditor's attorney. The Westport Bank and Trust froze the defendant's funds on March 19, 1992, in accordance with the execution.

The defendant moved to vacate the execution on March 23, 1992.[2] After a hearing, the trial court denied the motion on April 14, 1992. This appeal resulted.

Preliminarily, we must address the unusual procedural posture of this case. Although named as a party, Mall is not a participant in this action. Mall assigned all of his interest in the judgment to Joblin. Joblin, as the judgment creditor, has attempted to collect the judgment and has acted in Mall's place since the assignment. This court granted Joblin amicus status and permission to file a brief in support of the plaintiff's position. This appeal was decided solely on the basis of the record and the briefs and argument of the defendant and amicus party.

---

[2] The motion was actually entitled: "Motion for immediate relief for vacatur of an existing execution in force at the Westport Bank & Trust Company freezing all of Myrna LaBow's funds and additional relief granting full faith and credit to all of the New York court orders with accompanying papers signed by Judge Herman Cahn, on March 11, 1992."

The defendant's central claim on appeal is that the trial court improperly permitted an assignee of a judgment to obtain a property execution to satisfy the judgment.[3] She argues that, once a judgment has been rendered, only the party who won the judgment can collect on it. Thus, once Mall obtained a judgment against the defendant, Joblin could not buy that judgment and collect from her. Further, the defendant claims that Joblin's purchase of Mall's judgment was champerty.

The defendant is incorrect. Judgments are assignable. *Ciulewicz* v. *Doyle,* 172 Conn. 177, 180, 374 A.2d 175 (1976) (common-law prohibition against assignments inapplicable to judgments); *Newman* v. *Gaul,* 102 Conn. 425, 434–35, 129 A. 221 (1925) (assignee of judgment may foreclose); *Rogers* v. *Hendrick,* 85 Conn. 260, 268–69, 82 A. 586 (1912) (attorney may purchase judgment and bring suit on it). A judgment is a chose in action. *Hamilton* v. *New Haven,* 82 Conn. 208, 211, 73 A. 1 (1909). The assignee of a chose in action stands in the shoes of the assignor. *Second Exeter Corp.* v. *Epstein,* 5 Conn. App. 427, 430, 499 A.2d 429 (1985). A valid assignment transfers to the assignee exclusive ownership of all of the assignor's rights to the subject assigned and extinguishes all of those rights in the assignor. *Bouchard* v. *People's Bank,* 219 Conn. 465, 473, 594 A.2d 1 (1991). Thus, an assignee of a judgment acquires the right to collect on the judgment.

This conclusion is also supported by the Connecticut statutes governing postjudgment remedies. The General Statutes define judgment creditors as "person[s]

<hr>

[3] The defendant also claims that Joblin was improperly substituted for Mall after the judgment had been rendered. Although she properly cites *First Federal Savings & Loan Assn. of Waterbury* v. *Mangan,* 17 Conn. Sup. 42, 43 (1950), for the proposition that parties cannot be substituted after judgment, that case is inapplicable. Joblin's motion to substitute was denied; he was never substituted for Mall.

in whose favor a money judgment was rendered, *or any person[s] succeeding to such rights."* (Emphasis added.) General Statutes § 52-350a (10).[4] A person succeeds to rights when " '[o]ne . . . follows another in ownership or control of property.' " *Bouchard* v. *People's Bank,* supra, 472. Mall had a money judgment rendered in his favor; Joblin succeeded to those rights by assignment. Therefore, Joblin was the defendant's judgment creditor, having available to him all of the statutory postjudgment remedies. See General Statutes §§ 52-350f through 52-400e.

Finally, assignment of a judgment is not champerty. At common law, champerty was the unlawful maintenance of one side of a quarrel in consideration of some bargain to obtain part of the disputed thing. *State* v. *One 1981 BMW Automobile,* 15 Conn. App. 589, 601 n.12, 546 A.2d 879 (1988). "[T]he common-law doctrines of champerty and maintenance as applied to civil actions have never been adopted in this state, and the only test is whether a particular transaction is against public policy. *Rulnick* v. *Shulman,* 106 Conn. 66, 70, 136 A. 865 [1927]." *Rice* v. *Farrell,* 129 Conn. 362, 365, 28 A.2d 7 (1942). "An attorney at law, acting in good faith and not for the purpose of exciting or maintaining litigation . . . may purchase a judgment for value and bring a suit upon it in his own name without violating the law regarding barratry, champerty, or maintenance, or any rule of public policy . . . ." *Rogers* v. *Hendrick,* supra, 269.

The defendant asserts a litany of claims against Joblin but presents little in the way of support. The defendant has pointed to no evidence of fraud in the record in the purchase of this judgment. Nor has she shown

---

[4] General Statutes § 52-350b provides that General Statutes § 52-350a applies to all postjudgment proceedings commenced on or after July 14, 1983. Although Mall obtained this judgment in 1980, no postjudgment proceedings occurred until after assignment in 1985. Thus, § 52-350a applies.

that Joblin bought the judgment to foster litigation. Similarly, her claims of trial court prejudice and unethical conduct by Joblin are wholly unsubstantiated. All of her claims were heard at trial and were found meritless by the trial court. Absent a showing that convinces us that the trial court's factual rulings were clearly erroneous, we affirm the judgment.

Finally, the defendant claims that the trial court improperly failed to give full faith and credit to a New York proceeding. After Mall obtained assignment of the judgment, he moved to collect on the Connecticut judgment in New York. The defendant obtained a temporary restraining order from the Supreme Court of New York, preventing collection pending a hearing on her motion to deny collection on the judgment permanently. The defendant claims that the Connecticut trial court was bound by that order.

"As a matter of federal law, the full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it." *Packer Plastics, Inc.* v. *Laundon,* 214 Conn. 52, 56, 570 A.2d 687 (1990), citing *Underwriters National Assurance Co.* v. *North Carolina Life & Accident & Health Ins. Guaranty Assn.,* 455 U.S. 691, 704, 102 S. Ct. 1357, 71 L. Ed. 2d 558 (1982). The full faith and credit clause, however, is inapplicable to this case. The judgment at issue in this case was rendered by a Connecticut Superior Court. Our courts are not bound by the temporary orders of a foreign jurisdiction regarding enforcement, in that jurisdiction, of judgments rendered by this state's courts. See id.

The judgment is affirmed.

In this opinion the other judges concurred.