## Warren P. Joblin v. Myrna LaBow
### (11875)

O'Connell, Lavery and Schaller, Js.

Argued October 29—decision released December 28, 1993

*Myrna LaBow,* pro se, the appellant (defendant).

*Warren P. Joblin,* pro se, the appellee (substitute plaintiff).

Lavery, J. The defendant appeals from the trial court's denial of her motion to vacate a property exe-

cution issued to enforce a judgment against her.[1] The defendant claims that the trial court improperly (1) permitted an assignee of a judgment to obtain a property execution and (2) substituted an assignee for the original party after judgment had entered. We affirm the judgment of the trial court.

This appeal arises out of the marriage dissolution of Myrna and Ronald LaBow granted in 1978. On April 24, 1980, John W. Colleran, an attorney who represented the defendant during the dissolution, obtained a $15,720 judgment against her for unpaid legal fees. On February 22, 1985, Colleran assigned that judgment to Warren P. Joblin, as trustee for an undisclosed beneficiary. By assignment, Colleran relinquished all claims to the judgment and appointed Joblin as his attorney-in-fact regarding this judgment.

On September 17, 1992, Joblin obtained a property execution against alimony owed to the defendant by her former husband, Ronald LaBow.[2] The defendant moved to vacate the execution on October 6, 1992.[3] After a hearing, the trial court denied the motion on October 27, 1992. On the same day, the trial court granted Joblin's motion to be substituted for Colleran as plaintiff. This appeal resulted.

The defendant's central claim on appeal is that the trial court improperly permitted an assignee of a judgment to obtain a property execution in satisfaction

---

[1] This case was heard in conjunction with *Mall* v. *LaBow*, 33 Conn. App. 359, 635 A.2d 871 (1993). Although related, the two cases were considered, and have been reported, separately.

[2] See General Statutes §§ 52-352b (n) and 52-361a (f) regarding limitations on alimony subject to execution.

[3] The motion was actually entitled "Motion for change of venue motion to dismiss and/or motion to strike and/or vacate motion to substitute as party plaintiff and objection to motion to substitute as party plaintiff and special defenses to motion to substitute as party plaintiff and motion for cross claim and motion to strike, dismiss or vacate property execution application and exemption."

thereof. We resolved this issue in *Mall* v. *LaBow*, 33 Conn. App. 359, 635 A.2d 871 (1993). Judgments are assignable and the assignee assumes the right to collect on the judgment. Id., 362. The defendant's claim must fail.

The defendant also claims that the trial court improperly granted Joblin's motion to substitute. " 'The decision whether to grant a motion for . . . substitution of a party to legal proceedings rests in the sound discretion of the trial court. . . . In reviewing the trial court's exercise of that discretion, every reasonable presumption should be indulged in favor of its correctness . . . and only if its action discloses a clear abuse of discretion is our interference warranted.' " (Citations omitted.) *Wickes Mfg. Co.* v. *Currier Electric Co.*, 25 Conn. App. 751, 760, 596 A.2d 1331 (1991).

In general, substitution is permitted where an action was commenced in the name of the wrong person; General Statutes § 52-109; Practice Book § 101; in cases of misjoinder and nonjoinder; Practice Book § 100; and in cases of assignment. Practice Book § 96. In each situation, the statute or rule envisions substitution while the action is pending. See, e.g., General Statutes § 52-109 (substitution allowed "[w]hen any action has been commenced in the name of the wrong person"); Practice Book § 96 (substitution permissible "[i]f, pending the action, the plaintiff assigns the cause of action"). Where judgment has been rendered, however, substitution is unavailable unless the judgment is opened. *First Federal Savings & Loan Assn. of Waterbury* v. *Mangan,* 17 Conn. Sup. 42, 43 (1950).

In this case, Colleran obtained the judgment five years before the assignment and twelve years before the motion for substitution. Thus, Joblin should not have been substituted for Colleran.

This conclusion, however, does not alter the result. As we noted in *Mall* v. *LaBow,* supra, Joblin did not have to substitute himself for Colleran in order to collect on the judgment. Once assigned, the judgment could be enforced by the new judgment creditor, Joblin. Id. Therefore, even though the substitution was improper the result would be the same.

Before a party is entitled to a new trial because of an erroneous ruling, he or she must demonstrate that the error was harmful. *Swenson* v. *Sawoska,* 215 Conn. 148, 153, 575 A.2d 206 (1990). In a civil case, the determining standard is whether the erroneous ruling would likely affect the result. Id. Because the result here would be unchanged, the defendant's claim must fail.

The judgment is affirmed.

In this opinion the other judges concurred.