## SYSTEMATICS, INC. *v.* FORGE SQUARE ASSOCIATES LIMITED PARTNERSHIP ET AL.
### (AC 15817)

Dupont, C. J., and Landau and Spear, Js.

Argued January 27—officially released July 8, 1997

---

[1] The defendant did not raise the issue of the sufficiency of the evidence as to any other count of the information.

*William H. Clendenen, Jr.*, with whom, on the brief, was *Nancy L. Walker*, for the appellant (defendant-third party plaintiff Construction Services of Bristol, Inc.).

*J. Paul Kane*, with whom was *Joseph B. Mathieu*, for the appellee (substitute third party plaintiff).

### Opinion

LANDAU, J. The defendant third party plaintiff, Construction Services of Bristol, Inc. (Construction Services), by its cross complaint, sought to foreclose a mechanic's lien on property owned by Forge Square Associates Limited Partnership (Forge).[1] The defendant state of Connecticut filed an answer and special defenses and subsequently filed a motion for summary judgment on Construction Services's cross complaint. The trial court granted the state's motion for summary judgment and Construction Services appealed to this court.[2] While that appeal to this court was pending, Seaboard Surety, Inc. (Seaboard), a surety of Construction Services, filed a motion to substitute itself as the

---

[1] The additional defendants in the underlying action are the state of Connecticut, Construction Services and General Electric Corporation.

[2] That appeal, Docket No. 14544, has been stayed pending the disposition of the present appeal.

sole third party plaintiff, in lieu of Construction Services. Over Construction Services' objection, the trial court granted Seaboard's motion to substitute. On appeal, Construction Services claims that the trial court (1) lacked jurisdiction to grant the motion to substitute and (2) failed to hold an evidentiary hearing on the objection to the motion to substitute.

The following facts are relevant to this appeal. This case arises out of a construction project in Middletown on land owned and developed by Forge. Construction Services was the general contractor on the project and Seaboard was its surety by virtue of payment and performance bonds Seaboard issued on behalf of Construction Services. The state holds a mortgage on the subject property.

The plaintiff, Systematics, Inc., brought an action to foreclose its mechanic's lien for materials and services rendered in connection with the project. The action was brought against Forge as the owner of the property. Construction Services also claims an interest in the same property by virtue of a mechanic's lien. As a result of arbitration proceedings arising out of a dispute between Construction Services and Forge, Construction Services obtained a net award against Forge of $339,671, plus interest. Construction Services attempted to collect that sum plus attorney's fees, by way of a cross complaint, by foreclosing its mechanic's lien. As a result of and in accordance with a proposed settlement in that foreclosure action, Seaboard moved, by motion filed July 3, 1995, in the trial court, to be substituted, pursuant to Practice Book § 96,[3] as the sole plaintiff in this action. Construction Services filed an objection to Seaboard's motion to substitute on Septem-

---

[3] Practice Book § 96 provides in relevant part: "If, pending the action, the plaintiff assigns the cause of action, the assignee, upon written motion, may either be joined as a coplaintiff or be substituted as the sole plaintiff, as the court may order . . . ."

ber 28, 1995, and requested that the trial court permit oral argument and an evidentiary hearing.[4] No oral argument or evidentiary hearing was held.[5] On March 12, 1996, the trial court granted Seaboard's motion to substitute.

The dispositive issue in this appeal is whether the filing of a motion to substitute is subject to Practice Book § 326[6] and General Statutes § 52-212a.[7] Construction Services argues that the trial court lacked jurisdic-

[4] Seaboard indicated in its accompanying memorandum that it intended, after substitution, to withdraw the appeal and settle with the state in a manner adverse to Construction Services' claims.

[5] The trial court granted Seaboard's motion to substitute without comment. After the trial court denied Construction Services' motion for articulation, Construction Services filed a motion for review in this court. We granted review and the relief requested therein and ordered the trial court to articulate the basis for its decision to grant Seaboard's motion to substitute. The trial court responded as follows: "Pursuant to the Appellate Court's order to articulate this court's granting of the Motion to Substitute Party, the court cites the reasons set forth in Seaboard's original motion."

The trial court's articulation is inadequate. While we are cognizant of the trial court's substantial docket and its desire to hasten the procurement of justice, the adoption of a party's factual or legal conclusions as the basis for the court's decision is improper. In *Doe* v. *Bridgeport Hospital*, 40 Conn. App. 429, 433, 671 A.2d 405 (1996), quoting *Grayson* v. *Grayson*, 4 Conn. App. 275, 284, 494 A.2d 576 (1985), appeal dismissed, 202 Conn. 221, 520 A.2d 225 (1987) (certification improvidently granted), we stated that "the appearance of justice is just as important as the reality, and a verbatim adoption of the facts proffered by one of the advocates invites a public suspicion of the trial court's decision. The perceptions by the public and by the losing litigant of our system of justice are surely not enhanced by such a practice." (Internal quotation marks omitted.)

Due to our conclusion that the trial court lacked jurisdiction to entertain the motion to substitute, however, it is not necessary for us to direct the trial court to further articulate its decision.

[6] At the time that Seaboard filed its motion to substitute, Practice Book § 326 provided in relevant part that "any civil judgment . . . rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court. . . ."

[7] General Statutes § 52-212a provides in relevant part: "[A] civil judgment . . . rendered in the Superior Court may not be opened or set aside unless

tion to substitute Seaboard as the sole plaintiff. Construction Services maintains that the trial court could not do so without opening the judgment or absent an order from this court. Seaboard argues that the preargument conference judge, to whom the case was referred as part of the Appellate Preargument Conference Program, exercised supervisory powers pursuant to Practice Book § 4183 and referred Seaboard's motion to substitute to the trial court. Thus, Seaboard argues that the motion was properly before the trial court. Seaboard further argues that, inasmuch as the trial court was acting under the auspices of the preargument conference judge's authority in deciding the motion to substitute, opening the judgment was unnecessary. The question, however, is not what powers the preargument conference judge has, but whether the trial court had jurisdiction when it acted to substitute Seaboard for Construction Services. We find Seaboard's arguments are without merit.

"Absent waiver, consent or other submission to jurisdiction . . . a court is without jurisdiction to modify or correct a judgment, in other than clerical respects, after the expiration of the [period] provided in Practice Book . . . § 326." (Internal quotation marks omitted.) *O'Leary* v. *Industrial Park Corp.*, 211 Conn. 648, 652–53 n.2, 560 A.2d 968 (1989), quoting *Misinonile* v. *Misinonile*, 190 Conn. 132, 134, 459 A.2d 518 (1983); see Practice Book § 326. In *O'Leary*, our Supreme Court outlined the limited circumstances in which a trial court has the authority to modify its judgment after the four month period has passed. *O'Leary* v. *Industrial Park Corp.*, supra, 652–53 n.2. None of those exceptions applies in this case. Finally, Construction Services did not waive

a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . . The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court . . . ."

the provisions of § 52-212a or Practice Book § 326; see *In re Baby Girl B.*, 224 Conn. 263, 288, 618 A.2d 1 (1992); and, therefore, the trial court lacked personal jurisdiction over the parties necessary to remove Construction Services from the judgment.

Here, the trial court granted the state's motion for summary judgment on February 17, 1995. That judgment constituted a final judgment from which Construction Services appealed on March 2, 1995. Because Seaboard failed to file a motion to open within the allotted four month period pursuant to § 326, the trial court lacked the authority to grant Seaboard's motion to be substituted as the sole plaintiff. See *Joblin* v. *LaBow*, 33 Conn. App. 365, 367, 635 A.2d 874 (1993), cert. denied, 229 Conn. 912, 642 A.2d 1207 (1994).

Finally, Seaboard, relying on the language of Practice Book § 96; see footnote 3; argues that the action was pending before this court and, therefore, substitution was permissible.[8] "In general, substitution is permitted . . . in cases of assignment. Practice Book § 96." *Joblin* v. *LaBow*, supra, 33 Conn. App. 367. "Where judgment has been rendered, however, substitution is unavailable unless the judgment is opened." Id. As a result, the action was not pending before the trial court.[9]

The order granting Seaboard's motion to substitute is reversed and the case is remanded with direction to deny the motion to substitute.

In this opinion the other judges concurred.

---

[8] The proper procedure for changing parties when an appeal is pending is set forth in Practice Book § 4033. Section 4033 provides: "Any change in the parties to an action pending an appeal shall be made in the court in which the appeal is pending. The appellate clerk shall notify the clerk of the trial court of any change." We note that Seaboard did file a second motion for substitution in this court pursuant to § 4033, which this court denied without prejudice to refiling after the disposition of this appeal.

[9] Because of our disposition of Construction Services' first claim, we do not reach the second issue.