[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO OPEN JUDGMENT AND SUBSTITUTE PARTY DEFENDANT
The plaintiff, Angela Ruffin, filed a pro se small claims action against the defendant, Acme Rent-A-Car (Acme). Acme then filed a motion to transfer the case to the regular docket of the Superior Court for the Judicial District of New Haven, which motion was granted on July 17, 2000.
The plaintiff thereupon obtained counsel, who amended her complaint so as to include four counts, based on the following allegations: On March 8, 2000. the plaintiff rented an automobile from Acme, which operated an automobile rental business in New Haven. Several days after the plaintiff rented the car, an acquaintance of the plaintiff drove the vehicle without the plaintiffs permission and was involved in an accident. Following the accident, and without the plaintiffs knowledge and consent, Acme charged $2200 to the plaintiffs credit card for damages associated with the automobile accident. The plaintiff alleges that she had purchased personal accident insurance, at the rate of $12.95 per day, at the time she rented the car from Acme, and that her credit card should therefore not have been charged for the damages. CT Page 5463
In the first count of her amended complaint, the plaintiff alleges that Acme's actions were in breach of the rental agreement between the plaintiff and Acme. In the second count, she alleges violations of General Statutes § 42-101b (CUTPA). In the third count, the plaintiff claims that Acme's actions constituted conversion of the plaintiffs property, and the fourth count alleges that Acme's actions violated General Statutes § 14-153b (Renting of Automobiles; Proof of Credit).
On November 20, 2001, following a November 14 pretrial conference that had been attended by counsel for Ruffin and Acme, the court, Levine, J., entered judgment in favor of the plaintiff in the amount of $4785. The plaintiff moved to open that judgment on January 8, 2002, for the limited purpose of amending the defendant's name to "American Rental Car, Inc., d/b/a Acme Rent-A-Car." The undersigned granted that motion on the papers, but later granted the defendant's motion for reconsideration and subsequently heard oral argument.
The plaintiff contends that at the time of the proceedings before Judge Levine, Acme's counsel, Max Brunswick, consented to the entry of a judgment and informed the plaintiffs counsel, Diane Polan, that Acme would pay it. Acme, however, did not pay. In preparing to enforce the judgment, Polan discovered that Acme was not a corporation or an unincorporated business at all but rather a trade name[1] for American Rental Car, Inc. (American), which has appeared by counsel in this matter only in response to the present motion.[2] The plaintiff maintains that the principals of American are the individuals who retained Attorney Brunswick to represent Acme in the action, and that Brunswick represented at the time of the settlement conference that he had the authority to agree to the entry of the judgment.
American contends that due process is offended when a new defendant is substituted for an originally-named defendant after judgment has entered because the new defendant has not had an opportunity to defend itself in the action. "Where judgment has been rendered. substitution is unavailable unless the judgment is opened." Joblin v. LaBow,33 Conn. App. 365, 367, 635 A.2d 874 (1993), cert. denied, 229 Conn. 912,642 A.2d 1207 (1994). The plaintiff argues that American in fact has had the opportunity to defend itself in this action. She contends that she is not seeking to substitute a new party but merely to name the true party in interest correctly. The plaintiff claims to have been unaware that there was any relationship between Acme and American until the November 14, 2001 pretrial hearing, at which time Attorney Brunswick represented to the court, Levine, J., that the principals of
At the time of oral argument on the instant motion, American was CT Page 5464 represented by different counsel, Jeffrey Macarz, although Attorney Brunswick was present in the courtroom. After consultation with Brunswick, Macarz declined to refute the plaintiffs contention that Brunswick had allowed the plaintiff . . . and the court . . . to conclude that Acme and American were effectively the same enterprise and that he had the authority to commit the defendant to a judgment against it. When that judgment was entered on November 20, the plaintiff, and, presumably, the court, had no reason to believe that they were participating in a sham in which Brunswick was stipulating to a judgment only against an entity against whom an action could not be maintained as a matter of law. "No action may be brought by, nor may any suit be maintained against, a trade name as an entity. . . . Any such proceeding is a nullity." (Internal quotation marks omitted.) Randolph Foundationv. Appeal From Probate, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 167903 (April 3, 2001, Tierney,J.). Had Brunswick informed the plaintiffs attorney that Acme was a trade name, or had he filed a motion to dismiss based on Acme's status, a timely correction could have been made before the entry of judgment, thereby avoiding the situation in which the parties and the court now find themselves.
American is not a different party for the purposes of the present motion, as American argues, but is the correct party against which the action should originally have been brought and against which judgment should have been entered. Under the circumstances of this case, where Acme, American, their principals and their attorney knew that the wrong party had been named but consented to the judgment, the opening of the judgment so as to permit the substitution of American for Acme represents nothing more than the clarification of the legal identity of the party to which this action should have been directed and which had in fact consented to the entry of a judgment.
"The principal . ., is bound by, and liable for, the acts which his agent does with or within the actual or apparent authority from the principal, and within the scope of the agent's employment." (Internal quotation marks omitted.) Chase Manhattan Mortgage Corp. v. Beck, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 169598 (July 11, 2001, Resha, J.), quoting Bank of Montreal v.Gallo, 3 Conn. App. 268, 273, 487 A.2d 1101, cert. denied, 195 Conn. 803,491 A.2d 1104 (1985). For purposes of the present case, the principals of American are bound by the actions of their agent trade company, Acme, of which they are also the principals.
Having granted reconsideration and heard oral argument, the court therefore affirms its original "on the papers" decision granting the motion to open the judgment and substitute American as the defendant. CT Page 5465
Jonathan E. Silbert, Judge