[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a legal malpractice action in which the plaintiffs assert that in 1988, the defendant lawyers failed to protect the Dana Investment Corporation ("Dana Investment") from being defrauded by its business partner in a real estate development venture. In 2000, Dana Investment brought an action against the defendants in the present case, making a malpractice claim that is identical to the present action, except it was brought in the name of Dana Investment, rather than the Bankruptcy Estate of Dana Investment. Dana Investment Corporation v. Robinson Cole, No. X03 CV 00 0505126S ("Dana I"). This court dismissed the case on two alternate grounds: (a) the court lacked subject matter jurisdiction because Dana Investent had no standing to bring the claim, which belonged to the Estate; and (b) Dana Investment was precluded from bringing the claim by judicial estoppel, based on its inequitable conduct in the bankruptcy court. Dana I, Memorandum of Decision on Motion to Dismiss, March 8, 2001, at 5, 6. Dana Investment did not appeal from that ruling.
Now the same lawyer who brought Dana I, has brought this case, purportedly on behalf of the Bankruptcy Estate of Dana Investment, but not on behalf of the Trustee. Notwithstanding Dana Investment's claim in DanaI that it "owned" the claim against the defendants at the time the Bankcruptcy Petition was filed, October, 1994, the plaintiffs now allege in their Opposition to the Motion to Dismiss, that the claim against the defendants had been transferred to plaintiffs Quik Power International Corporation ("Quik"), Nicholas A. Attick, Sr., and Nicholas A. Attick, Jr. (the "Atticks"), in August, 1993. Therefore, Dana Investment did not own the claim in October, 1994, or when it asserted the claim in Dana I. The defendants have moved to dismiss the plaintiffs' claims on the grounds that the Estate of Dana Investment lacks standing to bring this claim, and Quik, and the Atticks are collaterally estopped from bringing this claim.
A motion to dismiss is properly used to assert lack of jurisdiction CT Page 143 over the subject matter of the action. Connecticut Practice Book §10-31(a) (1). "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." Connecticut Practice Book § 10-33. In ruling on a motion to dismiss, the court may rely upon affidavits to determine the jurisdictional issues and need not conclusively presume the validity of the allegations of the complaint. Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000
(1988).
In Dana I, the court dismissed Dana Investment's claim for lack of subject matter jurisdiction because Dana Investment did not have standing to assert it. "While Dana owned the claims when they supposedly arose in 1988, Dana surrendered that ownership to the . . . Estate when it filed for bankruptcy in 1994." Dana I, Memorandum of Decision, at 5. Since the claim was not abandoned or assigned, it remained part of the bankrupt estate even when the bankruptcy case was closed. Id. and cases cited therein. Accordingly, the court lacked subject matter jurisdiction over the claim. Id.
The plaintiffs have re-filed the same action, in the name of the Estate and the Atticks and Quik. The assignment of the claim to the Atticks and Quik is not alleged in the complaint. Obviously, if there was an assignment prior to the time Dana Investment filed its bankruptcy petition, then the Bankruptcy Estate of Dana Investment is not a proper party to this action. If the complaint is interpreted as plead, without resort to the gloss the plaintiffs attempt to place on it in their Memorandum in Opposition to the Motion to Dismiss, it alleges that the malpractice claim is owned by the Bankruptcy Estate of Dana Investment However, it is actually the Trustee of the Estate who is the legal owner of the claim, the real party in interest, and the only person with standing to sue on behalf of the Estate. If this action was brought by the Bankruptcy Estate of Dana Investment, then the court has no jurisdiction to consider it because it was not brought by the Trustee.
It is a familiar principle of state law that an "estate" is not a legal entity, but a collection of assets, and that actions on behalf of an estate must be brought by the executor. administrator, or trustee, who is the legal owner of the assets. Accordingly, an action brought on behalf of the "estate." rather than by the executor, administrator, or trustee, is a nullity, and subject to dismissal for lack of subject matter jurisdiction. See Estate of Schoeller v. Becker, 33 Conn. Sup. 79 (1975) (Stapleton, J.); Palmieri v. Relende, 19 Conn.L.Rptr. 682, 1997 WL 374984 (Conn.Super.Ct. June 27, 1997) (Maiocco, J.); Estate of Boulais v.CT Page 144Boulais, 13 Conn.L.Rptr. 462, 1995 WL 55092 (Conn.Super.Ct. February 3, 1995) (Hodgson, J.); Estate of Glass v. Glass, 5 Conn.L.Rptr. 58, 1991 WL 253703 (Conn.Super.Ct. September 30, 1991) (Berger, J.).
 When property is owned by an individual and that individual files bankruptcy under Chapter 7, the title to the property becomes part of the bankruptcy estate. The bankruptcy estate . . . is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541 (a) (1). Once a Chapter 7 petition is filed, the trustee becomes the proper party to maintain a cause of action on behalf of the debtor . . . The trustee in bankruptcy can abandon his interest in the property and the property then reverts back to the individual . . . Thus, neither the former owners nor the bankruptcy estate is a proper party, while the estate is in bankruptcy under Chapter 7. The trustee is the proper party.
Randolph Foundation v. Appeal from Probate Court of Westport, 2001 WL 418059 (Conn.Super.Ct. April 3, 2001) (Tierney, J.).
Actions brought on behalf of a bankruptcy estate must be brought in the name of the Trustee as the real party in interest. See Wieburg v. GTESouthwest Inc., 272 F.3d 302 (5th Cir. 2001) (dismissing employment discrimination claim filed by debtor). As the court said in Tuttle v.Equifax Check Services, Inc., No. 3:96-CV 948, 1997 WL 835055, at *2 (D.Conn. June 17, 1997): "Only the trustee in bankruptcy could prosecute [a] claim" that is an asset of a bankrupt estate. "If a cause of action exists on behalf of the estate, it is property of the estate and suit must be brought by the trustee for the benefit of the estate." In reJefferson v. Mississippi Gulf Coast YMCA, Inc., 59 B.R. 707, 711
(S.D.Miss. 1986) (citations omitted). "The Trustee, as representative of the estate, see, 11 U.S.C. § 323, is the only entity entitled to pursue such causes of action." In re Bell Beckwith, 50 B.R. 422, 433
(N.D. Ohio 1985). Claims that are property of the estate "belong exclusively to the trustee in bankruptcy. . . ." First New York Bank forBusiness v. DeMarco, 130 B.R. 650, 655 (S.D.N.Y. 1991) (citations omitted). "[U]pon filing of bankruptcy, title to the bankrupt's property vests in the trustee in bankruptcy. `Property' includes the right to pursue causes of action formerly belonging to the debtor." Bryson v. Bankof New York, 584 F. Sup. 1306, 1315 (S.D.N.Y. 1984) (citations omitted). CT Page 145
The plaintiffs allege that "[t]his action is brought pursuant to Section 52-292 and Section 52-109 of the Connecticut General Statutes." Complaint ¶ 1. Section 52-592 is the accidental failure of suit statute. It tolls the running of statutes of limitations where formal defects in service, pleadings or jurisdiction have resulted in accidental failure of suit; it does not create jurisdiction where jurisdiction otherwise does not exist. See Masterson v. Atherton, 328 F.2d 106 (2d Cir. 1964) (statute enlarges statutes of limitation and does not impair doctrine of res judicata); Legassey v. Shulansky, 28 Conn. App. 653,659, 611 A.2d 930 (1992). Thus, if Dana Investment, the plaintiff in DanaI, had brought this action, it might invoke § 52-592 (a) in support of a request that, for statute of limitations purposes, the case be deemed to have been filed on the date that it filed Dana I. But neither Dana Investment nor any successor in interest to it may claim that, although the court had no jurisdiction over this claim a year ago, it now does, by virtue of having dismissed the claim the first time around.
The Bankruptcy Estate of Dana Investment Corporation is the first named plaintiff in this suit and the complaint does not mention any assignment of the malpractice claim. However, in their Memorandum in Opposition to the Motion to Dismiss, the plaintiffs state that. "When the prior malpractice suit was brought, it was inadvertently filed in the name of Dana Investment, which originally owned the cause of action." Memorandum in Opposition to the Motion to Dismiss at 2. In that Memorandum the plaintiffs state for the first time that the Atticks and Quik have standing to bring this legal malpractice action against the defendants because they acquired the right to do so through a 1993 assignment from Dana Investment before Dana filed a bankruptcy proceeding!
The affidavit of Nicholas A. Atticks, Jr., which has been submitted in opposition to the Motion to Dismiss, offers no explanation for and, indeed, fails to even mention the "inadvertent" filing of Dana I in the name of Dana Investment. Did the Atticks forget to mention the transfer when they retained counsel to bring Dana I? Regardless of its rather incredible nature, the transfigured claim, now supposedly owned and asserted by Quik and the Atticks, fails as a matter of law. The plaintiffs are collaterally estopped from denying that the Estate owns the claim they now seek to assert.
The cause of action asserted in this case is the same as that asserted by Dana in Dana Investment Corporation v. Robinson Cole, NO. X03 CV 00 0505126S ("Dana I"), with the sole difference that it is filed under the names of different plaintiffs. (Compl. ¶ 3). In Dana I, this court ruled that Dana Investment did not have standing to bring the action because it did not own the claim sued upon. The court based this CT Page 146 decision on a finding of fact that "While Dana owned the claims when they supposedly arose in 1988, Dana surrendered that ownership to the Dana Investment Corporation Bankruptcy Estate (the "Estate"), a separate legal entity, when it filed for bankruptcy in 1994." Memorandum of Decision on Motion to Dismiss, March 8, 2001, at 5. The Atticks and Quik, as privies of Dana, are bound by that ruling and cannot now assert that the Estate never acquired the claim.
The doctrines of collateral estoppel and res judicata are intended to prohibit "the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action". Aetna Cas. Sur. Co. v. Jones, 220 Conn. 285, 296, 596 A.2d 414 (1991) (citations omitted). "The two doctrines protect the finality of judicial determinations, conserve the time of the court and prevent wasteful relitigation. Res judicata, or claim preclusion, is distinguishable from collateral estoppel, or issue preclusion. Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim. In contrast, collateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim." Mazziotti v.Allstate Ins. Co., 240 Conn. 799, 812, 695 A.2d 1010 (1997) (internal quotation marks and citations omitted).
"For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." Aetna Cas. Sur. Co. v. Jones, supra, at 296 (internal quotation marks and citations omitted).
Because a dismissal for lack of jurisdiction is not a final judgment on the merits of the cause of action asserted, it does not bar the later assertion of that claim in a proper court by one who has standing to assert it. However, "a court always has jurisdiction to determine its own jurisdiction" Golden Hill Paugussett Tribe of Indians v. Town ofSouthbury, 231 Conn. 563, 570-71, 651 A.2d 1246 (1995); and determinations that the court necessarily makes in rendering a final judgment in the exercise of that jurisdiction have the same preclusive effect as those made in the course of rendering any other final judgment. "A valid final judgment for lack of jurisdiction . . . does not bar relitigation of the claim, but does bar relitigation of the issues actually litigated and necessarily decided." 18 Moore's Fed.Prac.3d § 132.03[5][c]. Accordingly, "[p]rinciples of issue preclusion apply to standing determinations. When a prior action has determined that a CT Page 147 plaintiff lacks standing to bring a particular claim, the plaintiff should be bound by the prior determination of the issue in a subsequent action in which the same standing issue arises." Id. at § 132.03[5][d]. The policies furthered by the collateral estoppel doctrine "are equally served when the doctrine is applied to jurisdictional questions as to the merits." Cutler v. Hayes, 818 F.2d 879, 889 n. 73 (D.C. Cir. 1987) (internal quotation marks and citations omitted).
Thus, the judgment of dismissal in Dana I is not preclusive on the merits of the malpractice claim that the plaintiff sought to assert there. However, that judgment does preclude Dana Investment from denying that the Estate was the owner of the claim when it brought Dana I, because the court explicitly and necessarily so found in rendering its judgment of dismissal.
Moreover, it is not only Dana Investment that is precluded, but also those who are in privity with it. "Collateral estoppel may be invoked against a party to a prior adverse proceeding or against those in privity with that party." Aetna Cas. Sur. Co. v. Jones, supra, at 303. In determining the existence of privity, a "key consideration" is the "sharing of the same legal right by the parties allegedly in privity."Id. (quoting State v. Fritz, 204 Conn. 156, 173 (1987) (internal quotation marks omitted). Thus, where the parties "[share] an identical legal right in any potential proceeds derived from the . . . relationship between" the party to the prior proceeding and the adverse party, the nonparty is in privity for the purposes of collateral estoppel. AetnaCas. Sur. Co. v. Jones, supra, at 305.
"There is no prevailing definition of privity to be followed automatically in every case. It is not a matter of form or rigid labels; rather it is a matter of substance. In determining whether privity exists, we employ an analysis that focuses on the functional relationships of the parties. Privity . . . is, in essence, a shorthand statement for the principle that collateral estoppel should be applied only when there exists such an identification in interest of one person with another as to represent the same legal rights so as to justify preclusion." Mazziotti v. Allstate Ins. Co., supra, at 814. The "crowning consideration" in collateral estoppel cases and the basic requirement of privity is that the interest of the party to be precluded must have been sufficiently represented in the prior action so that the application of collateral estoppel is not inequitable. Mazziotti v. Allstate Ins. Co.,supra, at 818; Aetna Cas. Sur. Co. v. Jones, supra, at 306.
The Atticks and Quik are in privity with Dana Investment. The Atticks assert that they own both Dana Investment and Quik and that they have CT Page 148 always treated them as "virtually fungible." Plaintiffs' Memorandum in Opposition to Motion to Dismiss at 2; Affidavit of Attick Jr. ¶¶ 2, 3). Dana Investment, Quik, and the Atticks themselves are just the Atticks' "various corporate and personal entities." Plaintiffs' Memorandum in Opposition to Motion to Dismiss at 3. Moreover, the Atticks, Quik and Dana Investment are all represented by the same counsel with respect to the claim asserted here and in Dana I. Under these circumstances, it is fair to hold that the Atticks and Quik are bound by the judgment in Dana I, and by its necessary factual determinations.
The issue of ownership of the claim in Dana I was fairly litigated, actually decided, and necessary to the judgment in Dana I "An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered." Delahuntyv. Massachusetts Mutual Life Ins. Co., 236 Conn. 582, 600 589,674 A.2d 1290 (1996). (Citations omitted; internal quotation marks omitted.)
In Dana I, the defendants raised the issue of the ownership of the claim by moving to dismiss on the ground that the trustee of the Estate, and not Dana Investment, was the real owner. In opposition to the motion, Dana Investment did not assert that the Atticks or Quik owned the claim rather, it argued that the defendants were estopped from asserting that Dana Investment was not the owner of the claim, and introduced evidence purportedly supporting that claim of estoppel. The issue was argued and submitted to the court for determination. The court found that "while Dana owned the claims when they supposedly arose in 1988, Dana surrendered that ownership to the . . . Estate, a separate legal entity, when it filed for bankruptcy in 1994." Memorandum of Decision, at 5. Without this finding, the court could not have found that Dana Investment lacked standing, since the plaintiff conceded that Dana Investment was the owner of the claim up to the point that it filed bankruptcy.
Accordingly, Dana Investment would be precluded by the judgment in DanaI from now coming into court again and asserting that when it opposed the motion to dismiss in Dana I, it inadvertently overlooked an assignment of the claim from the Trustee back to it. By the same token, those in privity with Dana Investment, the plaintiffs the Atticks and Quik, are precluded from claiming an assignment from Dana Investment to them prior to the bankruptcy, and prior to the judgment in Dana I. Dana Investment and its privies are bound by the court's findings inDana I that Dana Investment owned the claim at the time of its bankruptcy, and that the trustee succeeded to it. CT Page 149
If, in fact, the claim never became part of the Estate, Dana Investments and its attorney should never have filed Dana I. Having filed the claim, they should have withdrawn it when the motion to dismiss was made rather than litigating the issue of Dana Investment's standing and the court's jurisdiction. Since Dana Investment chose to prosecute DanaI to a judgment, Dana Investment, and those in privity with it, the Atticks and Quik, are bound by this court's findings necessarily made in rendering that judgment. This court is not required to allow the Atticks to keep filing the same claim under new names until they find one that sticks.
The accidental failure of suit statute, which the plaintiffs invoke in their complaint, does not require a different result. It does not provide for exceptions to the doctrines of res judicata and collateral estoppel.Tirozzi v. Shelby Ins. Co., 50 Conn. App. 680, 688, 719 A.2d 62, cert.denied, 247 Conn. 945, 723 A.2d 323 (1998) (the accidental failure of suit statute "is not a device for avoiding our well-settled rules of res judicata"); Legassey v. Shulansky, 28 Conn. App. 653, 659, 611 A.2d 930
(1992).
The plaintiffs also allege that this action is brought pursuant to Connecticut General Statutes § 52-109. That statute permits the court, to "allow any other person to be substituted or added as plaintiff," where the court finds that the action was commenced in the name of the wrong person. The statute does not permit substitution of parties after a case has gone to judgment. See Joblin v. LaBow,33 Conn. App. 365, 367, 635 A.2d 874 (1993). So it would not enable the Atticks or Quik Power to be substituted for Dana Investment in Dana I. In any case, the plaintiffs have not asked for that relief nor do they ask for any substitution of parties in this action. Rather, they claim that the present parties are the right ones. Therefore, § 52-109 has no application here. Moreover, like the accidental failure of suit statute, the substitution of parties statute can not cure jurisdictional defects. Thus, where an action has been brought in the name of an estate, and the plaintiff thereafter moves to substitute an executor or administrator as the proper party in order to avoid dismissal for want of jurisdiction, the court must dismiss the action rather than allow the substitution, since it has no jurisdiction to allow the substitution. See Estate ofSchoeller, supra; Palmieri, supra; Estate of Boulais, supra; Estate ofGlass, supra. Section 52-109 does not provide that if the court properly dismisses an action because the plaintiff has no standing to bring it, the court must maintain a later action on the same claim brought by other parties who also lack standing. CT Page 150
Based on the foregoing, the Motion to Dismiss is granted.
The defendants have requested that the court tax the costs of prosecuting this motion against the plaintiffs under Connecticut General Statutes § 52-99 and Connecticut Practice Book § 10-5.
Section 52-99 provides:
 Any allegation or denial made without reasonable cause and found untrue shall subject the party pleading the same to the payment of such reasonable expenses, to be taxed by the court, as may have been necessarily incurred by the other party by reason of such untrue pleading; provided no expenses for counsel fees shall be taxed exceeding ten dollars for any one offense.
Connecticut Practice Book § 10-5 provides:
 Any allegation or denial made without reasonable cause and found untrue shall subject the party pleading the same to the payment of such reasonable expenses. to be taxed by the judicial authority, as may have been necessarily incurred by the other party by reason of such untrue pleading; provided that no expenses for counsel fees shall be taxed exceeding $500 for any one offense. Such expenses shall be taxed against the offending party whether that party prevails in the action or not. (See General Statutes § 52-99 and annotations.)
 "[T]he task of determining whether sanctions should be imposed is inherently fact bound, and requires carefully circumscribed discretion to be exercised by the trial court." Fattibene v. Kealey, 18 Conn. App. 344, 362, 558 A.2d 677 (1989). Good faith pleading must be judged in the light of all the circumstances existing at the time the pleading was filed. State v. Anonymous (1974-5), 31 Conn. Sup. 179, 180-81, 326 A.2d 837
(1974); see also 1 W. Moller W. Horton, Connecticut Practice Book Annotated (1989) 111, p. 279. "To determine whether the bad faith exception applies, the court must assess whether there has been substantive bad faith as exhibited by, for example, a party's use of oppressive tactics or its wilful violations of court orders; `[t]he appropriate focus CT Page 151 for the court . . . is the conduct of the party in instigating or maintaining the litigation.'" (Emphasis added.) Fattibene v. Kealey, supra, 361
Ossen v. Wanat, 21 Conn. App. 40, 47-48, 571 A.2d 134 (1990).
Neither party mention Section 52-99 or Practice Book § 10-5 at the oral argument of the Motion to Dismiss. The plaintiffs have provided no explanation whatsoever as to the reason for the "inadvertent" filing of an action in the name of Dana Investment (Dana I), when it should have been brought by completely different parties. The court could infer that the plaintiffs concocted the assignment to the Atticks and Quik in an attempt to resurrect a claim owned by Dana Investment which was lost because it was not disclosed on Dana Investment's bankruptcy petition and, therefore, neither pursued nor abandoned by the bankruptcy trustee. However, the plaintiffs have presented a copy of the purported assignment. which is dated August, 1993. In a Motion to Stay Proceedings which was filed at or around the time of the Motion to Dismiss, the defendants questioned the bona fides of that assignment and requested the opportunity to conduct discovery concerning same. Since the court has granted the Motion to Dismiss, the Motion to Stay is moot and the defendants will not need to conduct discovery concerning the assignment. However, based on the existence of the assignment, which for the time being remains unchallenged, the court cannot find that the allegations of the complaint in this case are untrue within the meaning of § 52-99
or § 10-5. Therefore, the court declines to impose costs or fees on the plaintiffs at this time.
By the court,
 ___________________ Aurigemma, J.
CT Page 152