******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

McDONALD, J., with whom ROBINSON, J., joins, dissenting. There is no doubt that, under our rules of practice and the case law that existed prior to this litigation, the tax appeal of the plaintiffs, Fairfield Merrittview Limited Partnership (partnership) and Fairfield Merrittview SPE, LLC (LLC), was jurisdictionally defective when the trial court rendered judgment. It is undisputed in this court that the partnership lacked standing when it commenced this action in its name. As the majority properly acknowledges, the only mechanism that could have cured such a jurisdictional defect was for the partnership to have been granted permission by the trial court to substitute the proper party, the LLC, for itself as the plaintiff. See General Statutes § 52-109; Practice Book § 9-20; see, e.g., *Kortner* v. *Martise*, 312 Conn. 1, 13, 91 A.3d 412 (2014); *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, 297 Conn. 105, 150, 998 A.2d 730 (2010). The partnership never sought such a substitution, however, because it repeatedly took the position that it was a proper party to the action. That no substitution occurred is manifest in the partnership's continued presence in the case after the LLC was added to the tax appeal at the trial court, and its appearance in the subsequent appeals to the Appellate Court and this court. Nonetheless, the majority has magically turned back the hands of time, transmogrified the plaintiffs' litigation posture, and spontaneously made the partnership disappear as a party to this tax appeal. To accomplish this feat, the majority has had to disavow statements in an opinion of this court that would preclude affording exactly that relief, although no request to do so was ever made by the plaintiffs. See *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, supra, 151.

One might expect that such extraordinary actions must be justified by the need to avoid a terrible injustice that was not of the plaintiffs' making. That is patently not the case. Indeed, the issue resolved in the present case might better be framed as whether this court should rescue a party from a self-inflicted wound that it (or its counsel) readily could have prevented in a timely way. I would firmly answer that question in the negative.[1]

The essential fact necessary to support standing to challenge the tax assessment made by the defendant city of Norwalk[2] was known to the plaintiffs from the outset. The partnership transferred ownership of the subject property from itself to a related but legally distinct entity, the LLC, by way of deed in June, 2007. Although naming both entities so similarly may not have been the wisest choice, the deed correctly identified the grantor and the grantee, and was duly recorded.

The tax assessment at issue was made more than one year after the partnership transferred its ownership to the LLC.

The plaintiffs were represented by the same counsel throughout the proceedings before the defendant Board of Assessment Appeals of the City of Norwalk (board) and up to and including its appeal to the Appellate Court. In a malpractice action filed by the plaintiffs against that counsel following the Appellate Court's judgment in the present case, of which this court properly may take judicial notice,[3] the plaintiffs allege in their complaint that they knew that the administrative appeal had been drafted bearing the name of the wrong entity and had asked counsel to correct that mistake, unaware that the appeal already had been filed. See *Fairfield Merrittview SPE, LLC* v. *Murphy*, Superior Court, judicial district of Stamford-Norwalk, Docket No. FST-CV-15-6024413-S. Irrespective of whether such a request was in fact ever made, it is clear that either the plaintiffs or their counsel bear responsibility for the fact that the action was commenced under the name of an entity that lacked standing.

It also is important to recognize that the plaintiffs failed to take advantage of other opportunities to cure the jurisdictional defect before judgment entered. The original complaint alleged that the partnership was the owner of the subject property. Thereafter, the partnership filed a motion for permission to amend its appeal and application to add the LLC as a party plaintiff with "an interest in the real estate" pursuant to General Statutes § 52-101 (providing for joinder of interested parties) and Practice Book § 9-3 (same). In the amended appeal, the plaintiffs alleged that the partnership and the LLC were "applicants" before the board and the owner of the subject property. At trial, the deed transferring ownership from the partnership to the LLC was admitted into evidence. At no time before the close of evidence did the plaintiffs seek to substitute the LLC for the partnership pursuant to § 52-109, to withdraw the partnership from the action, or even to amend the complaint to conform to the evidence. After the defendants raised the issue of standing in their posttrial brief, the plaintiffs again took no action to remedy the jurisdictional defect.[4]

Once judgment was rendered and the time passed to open the judgment, the plaintiffs relinquished the possibility of correcting this defect by way of substitution pursuant to § 52-109. Section 52-109 provides in relevant part that "[w]hen any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted . . . as plaintiff." Of course, it is well settled that the court that is supposed

to be satisfied that these conditions have been met is the trial court. See *Joblin* v. *LaBow*, 33 Conn. App. 365, 367, 635 A.2d 874 (1993) ("[T]he statute or rule envisions substitution while the action is pending. . . . Where judgment has been rendered, however, substitution is unavailable unless the judgment is opened." [Citations omitted.]), cert. denied, 229 Conn. 912, 642 A.2d 1207 (1994); see also *Systematics, Inc.* v. *Forge Square Associates Ltd. Partnership*, 45 Conn. App. 614, 619, 697 A.2d 701 (applying same principle), cert. denied, 243 Conn. 907, 701 A.2d 337 (1997).

Even when the defendants challenged the plaintiffs' standing on appeal to the Appellate Court, the plaintiffs did not claim that the amended appeal and the addition of the LLC corrected a mistake by substituting a proper party for an improper one. Instead, the plaintiffs again cited joinder of interested parties under § 52-101, and argued for the first time that the amendment was filed as of right under General Statutes § 52-128 and Practice Book § 10-59. See *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, 149 Conn. App. 468, 475, 89 A.3d 417 (2014). Section 52-128 is limited to the correction of nonjurisdictional defects. See *LeConche* v. *Elligers*, 215 Conn. 701, 711, 579 A.2d 1 (1990); *Simko* v. *Zoning Board of Appeals*, 205 Conn. 413, 419, 533 A.2d 879 (1987); *Sheehan* v. *Zoning Commission*, 173 Conn. 408, 411–13, 378 A.2d 519 (1977); *Shapiro* v. *Carothers*, 23 Conn. App. 188, 191 n.3, 579 A.2d 583 (1990). The plaintiffs claimed that they in fact were a single entity whose name had changed, while at the same time also claiming that they were coexisting entities with "the identical legal interest and standing to pursue the appeal." In support of the propriety of the amended appeal, the plaintiffs cited case law distinguishing between an amendment that corrects a mere misnomer that does not affect the identity of a party and one that seeks to substitute a new party. See *Kaye* v. *Manchester*, 20 Conn. App. 439, 444, 568 A.2d 459 (1990).

In their certified appeal to this court, the plaintiffs acknowledge that the action had been commenced by a party that lacked standing. In their main brief, they cite General Statutes §§ 52-123 and 52-128 as the basis for naming the LLC as a "co-plaintiff." Like § 52-128, § 52-123 is available only to correct technical or circumstantial defects, not jurisdictional ones. See *New England Road, Inc.* v. *Planning & Zoning Commission*, 308 Conn. 180, 193–94, 61 A.3d 505 (2013). It was not until the plaintiffs filed their reply brief that they invoked § 52-109 as authority to substitute a plaintiff.[5] Of course, it is well settled that this court generally will not consider an argument raised for the first time in a reply brief. See *Rathbun* v. *Health Net of the Northeast, Inc.*, 315 Conn. 674, 703–704, 110 A.3d 304 (2015); see also *Reardon* v. *Zoning Board of Appeals*, 311 Conn. 356, 367–68 n.8, 87 A.3d 1070 (2014) (citing general rule that claims may not be advanced for first time in reply

brief, and noting additionally that issue was not proper subject of appeal because plaintiff advanced these claims before board and trial court "in only the most tangential way," such that issue not addressed by board or trial court).

In order to rescue the plaintiffs from a mistake of their own making, one which they repeatedly disavowed making, the majority rejects as dicta this court's statement in *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, supra, 297 Conn. 151, that a "mistake" for purposes of § 52-109 "properly has been interpreted to mean 'an honest conviction, entertained in good faith and not resulting from the plaintiff's own negligence that she is the proper person to commence the [action].' " Significantly, the plaintiffs never acknowledged this standard, let alone asked this court to revisit *DiLieto* or reject this statement of the law. This statement has been cited approvingly by this court and the Appellate Court; see *Kortner* v. *Martise*, supra, 312 Conn. 12; *Rana* v. *Terdjanian*, 136 Conn. App. 99, 110, 46 A.3d 175, cert. denied, 305 Conn. 926, 47 A.3d 886 (2012); and, in at least one case, was dispositive of the action. See *Youngman* v. *Schiavone*, 157 Conn. App. 55, 65–70, 115 A.3d 516 (2015) (affirming judgment dismissing action after denying motion to substitute on ground that plaintiffs did not show they filed action in name of wrong person through mistake, as that term is defined in *DiLieto*).

In sum, the blame for the plaintiffs' predicament lies squarely on them. If fault for the missteps lies with their counsel, they have recourse. Counsel, in turn, presumably is protected by insurance. Courts have required parties to bear far more serious consequences of counsel's actions or omissions than the loss of a right to challenge the amount of a property tax assessment. See generally *Link* v. *Wabash Railroad Co.*, 370 U.S. 626, 633–34, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (The United States Supreme Court stated with respect to the dismissal of a negligence action seeking damages for personal injury: "There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." [Internal quotation marks omitted.]); *Gionfrido* v. *Wharf Realty, Inc.*, 193 Conn. 28, 33–34, 474 A.2d 787 (1984) ("We are not insensitive to the apparent harshness of any decision by a court that may be perceived as punishing the client for the transgressions of his or her attorney. . . . We recog-

nize that dismissal is a harsh sanction. Under the circumstances of this case, however, we would do a disservice to the great majority of attorneys, who are conscientious, and to the litigants of this state if we unduly interfered with the trial court's judicious attempts at caseflow management. We conclude that the trial court did not abuse its sound discretion in dismissing the plaintiff's action for failure to prosecute." [Citations omitted; footnote omitted; internal quotation marks omitted.]). I am deeply concerned that the majority's actions in the present case expose the court to the risk of either appearing to afford special treatment in one case or opening the door to requests to apply a similar revisionist view of history in other cases.

I respectfully dissent.

[1] I agree with the majority that the Appellate Court improperly rested its resolution of the jurisdictional issue on the basis of an assumption that was not supported by the record, insofar as it concluded that the partnership and not the LLC had appeared before the Board of Assessment Appeals of the City of Norwalk.

[2] In addition to the city of Norwalk, the other defendants named in the tax appeal were the Board of Assessment Appeals of the City of Norwalk and the city's tax assessor, Michael J. Stewart. Like the majority, I hereinafter refer to the three defendants collectively as the defendants, and individually by name where appropriate.

[3] Although it is well settled that this court may take judicial notice of files in other cases; see *Getty Properties Corp.* v. *ATKR, LLC*, 315 Conn. 387, 391 n.3, 107 A.3d 931 (2015); *State* v. *Rizzo*, 303 Conn. 71, 122 n.42, 31 A.3d 1094 (2011), cert. denied,      U.S.     , 133 S. Ct. 133, 184 L. Ed. 2d 64 (2012); *Jewett* v. *Jewett*, 265 Conn. 669, 678 n.7, 830 A.2d 193 (2003); I underscore that I rely on the plaintiffs' allegations in the malpractice action solely as admissions by them as to their own knowledge. See *West Haven Sound Development Corp.* v. *West Haven*, 201 Conn. 305, 312, 514 A.2d 734 (1986) ("[f]actual allegations contained in pleadings upon which the cause is tried are considered judicial admissions and hence irrefutable as long as they remain in the case" [internal quotation marks omitted]); *Dreier* v. *Upjohn Co.*, 196 Conn. 242, 244, 492 A.2d 164 (1985) ("statements in withdrawn or superseded pleadings, including complaints, may be considered as evidential admissions by the party making them").

[4] The majority's recitation of facts strongly intimates that the defendants bear responsibility for the plaintiffs' predicament because they did not raise the issue of standing earlier in the litigation. Such a suggestion runs contrary to settled case law that the court's subject matter jurisdiction can be challenged at any stage in the proceedings, can be raised by the court sua sponte, and cannot be waived or conferred by agreement of the parties. See *Freedom of Information Officer, Dept. of Mental Health & Addiction Services* v. *Freedom of Information Commission*, 318 Conn. 769, 775, 122 A.3d 1217 (2015) ("The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings." [Internal quotation marks omitted.]); *Wheelabrator Lisbon, Inc.* v. *Dept. of Public Utility Control*, 283 Conn. 672, 685, 931 A.2d 159 (2007) ("[A] subject matter jurisdictional defect may not be waived . . . [or jurisdiction] conferred by the parties, explicitly or implicitly. . . . [T]he question of subject matter jurisdiction is a question of law . . . and, once raised, either by a party or by the court itself, the question must be answered before the court may decide the case." [Internal quotation marks omitted.]). To the extent that the majority views the defendants' conduct as raising equitable considerations that favor the result that it reaches, putting aside the fact that the plaintiffs never articulated any equitable theory to justify such a result, I question the wisdom, as well as the propriety, of determining subject matter jurisdiction through the lens of equity.

[5] The majority's carefully phrased response to this point, that "the plaintiffs argued the applicability of *jurisprudence* governing additions and substitu-

tions of party plaintiffs pursuant to . . . § 52-109 in both their main brief and their reply brief," speaks volumes. (Emphasis added.) See footnote 13 of the majority opinion. The plaintiffs never cited § 52-109 in their main brief. Instead, the plaintiffs' main brief states: "This court has held that . . . § 52-123 is remedial and should be liberally construed, even when faced with a claim of lack of subject matter jurisdiction in a tax appeal. *Andover* [*Ltd.*] *Partnership I* v. *Board of Tax Review*, 232 Conn. 392, 396–99, 655 A.2d 759 (1995). Our general policy with respect to pleadings is very liberal and permits the substitution of parties as the interests of justice require. *Reiner* v. [*West Hartford*, Superior Court, judicial district of New Britain, Docket No. CV-00-0502686-S (March 22, 2001)] (denial of motion to dismiss where tax appeal was taken by trustees, rather than by individual who was true owner of assessed property; amendment allowed over objection); *Udolf* v. [*West Hartford*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV-93-0525699 (August 14, 1996) (17 Conn. L. Rptr. 520)] (denial of motion to dismiss where tax appeal was taken by individual, rather than by corporation which was true owner of assessed property; amendment allowed over objection)." The defendants reasonably understood this argument to seek a liberal interpretation of § 52-123 and limited their response accordingly.

————————————————